### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENEXA TECHNOLOGY, INC., a Pennsylvania Corporation, | ) ) ) | C.A. No. 07-27 (GMS) |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| BLUELINX CORPORATION, a Georgia Corporation, Defendant. | ) ) ) ) | |

## REPLY TO COUNTERCLAIM

Plaintiff, Kenexa Technology, Inc. ("Kenexa"), by and through its undersigned counsel, hereby replies to Defendant BlueLinx Corporation's ("BlueLinx") Counterclaim (the "Counterclaim") [D.I. 20, filed 2/20/07] as follows:

1. The allegations of this paragraph state legal conclusions to which no response is required.

2. The allegations of this paragraph state legal conclusions to which no response is required.

3. Admitted, except this paragraph refers to a written document the terms of which speak for themselves.

4. This paragraph refers to a written document the terms of which speak for themselves, and therefore no response is required.

5. This paragraph refers to a written document the terms of which speak for themselves, and therefore no response is required.

58285v1

6. Admitted in part and denied in part. BlueLinx and Kenexa agreed to have discussions regarding revising the exhibits to the Master Service Agreement and Kenexa did provide a revised service level exhibit. Otherwise denied.

7. Admitted.

8. Denied. Kenexa further states Mr. Holvay did provide delivery dates for the revised exhibits of October 23, 2006 and October 30, 2006.

9. Denied. Kenexa further states that the revised exhibits were in accordance with the parties' discussions and email communications.

10. Admitted in part, denied in part. A call was scheduled to discuss the revised exhibits, which call was postponed. When Howard Cherry attempted to reschedule the call with Dean Adelman, Mr. Adelman responded that he would get back to Mr. Cherry. Instead on the next day, Kenexa received BlueLinx's letter purporting to give notice of termination. Otherwise, Kenexa denies this paragraph.

11. Denied.

12. Denied.

## COUNT I

13. Kenexa repeats and realleges the responses to paragraphs 1 through 12 above, and incorporates those responses as if fully set forth therein.

14. This paragraph refers to a written document the terms of which speak for themselves, and therefore no response is required.

15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state a claim against Kenexa upon which relief may be granted.

### Second Affirmative Defense

The claims asserted in the Counterclaim are barred because BlueLinx has violated material terms of the Master Supply Agreement.

### Third Affirmative Defense

To the extent that BlueLinx failed to mitigate, minimize or avoid any losses allegedly sustained, any recovery against Kenexa must be reduced.

### Fourth Affirmative Defense

Kenexa is entitled to set off or recoup from BlueLinx all damages suffered by Kenexa as a result of BlueLinx's breaches of the Master Supply Agreement and/or BlueLinx's other wrongful conduct.

### Fifth Affirmative Defense

The Counterclaim is barred, in whole or in part, by BlueLinx's breach of the Master Service Agreement.

### Sixth Affirmative Defense

The Counterclaim is barred, in whole or in part by BlueLinx's own culpable conduct.

### Seventh Affirmative Defense

The Counterclaim is barred, in whole or in part based on waiver, estoppel and/or acquiescence.

### Eighth Affirmative Defense

Kenexa hereby gives notice of its intent to rely on such other and further affirmative and separate defenses as may appear applicable through discovery proceedings in this litigation, and hereby reserves the right to amend its reply to reflect any such defenses.

WHEREFORE, Kenexa respectfully requests that the Counterclaim be dismissed with prejudice; that Kenexa be awarded its fees and costs; and for any other and further relief the Court deems appropriate.

SEITZ VAN OGTROP & GREEN P.A.

*/s/ R. Karl Hill*
R. KARL HILL, ESQ. (NO. 2747)
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19801
(302) 888-0600
khill@svglaw.com
　　　　Attorney for Plaintiff

Dated: March 12, 2007

58285v1

**CERTIFICATE OF SERVICE**

I, *R. Karl Hill*, Esquire, hereby certify that on this 12th day of March, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF and was electronically mailed to the following counsel:

Donald J. Wolfe, Jr.<br>
Philip A. Rovner<br>
David E. Moore<br>
Potter, Anderson & Corroon LLP<br>
Hercules Plaza<br>
P.O. Box 951<br>
Wilmington, DE  19899<br>
dwolfe@potteranderson.com<br>
provner@potteranderson.com<br>
dmoore@potteranderson.com

                                            */s/ R. Karl Hill*
                                            R. Karl Hill, Esquire (Bar No. 2747)
                                            SEITZ VAN OGTROP & GREEN, P.A.
                                            222 Delaware Avenue, Suite 1500
                                            P.O. Box 68
                                            Wilmington, DE  19899
                                            (302) 888-0600
                                            khill@svglaw.com

58285v1