## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENEXA TECHNOLOGY, INC.,<br>a Pennsylvania Corporation, | )<br>)<br>) | C.A. No. 07-27 (GMS) |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **JURY TRIAL DEMANDED** |
| BLUELINX CORPORATION,<br>a Georgia corporation, | )<br>)<br>) | |
| Defendant. | )<br>) | |

## PLAINTIFF KENEXA TECHNOLOGY INC.'S ANSWERING BRIEF IN OPPOSITION
## TO DEFENDANT BLUELINX'S MOTION TO TRANSFER

R. Karl Hill, Esquire (No. 2747)
Kevin A. Guerke, Esquire (No. 4096)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF KENEXA
TECHNOLOGY, INC.

Dated:  June 12, 2007

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

STATEMENT OF NATURE AND STAGE OF PROCEEDING ................................................. 1

SUMMARY OF ARGUMENT ................................................................................................... 2

STATEMENT OF FACTS ......................................................................................................... 3

ARGUMENT ............................................................................................................................ 5

I.      BLUELINX WAIVED ITS RIGHT TO MOVE TO TRANSFER ................................ 5

II.     BLUELINX VOLUNTARILY SELECTED DELAWARE AS THE VENUE IN THIS CASE ........................................................................................................... 5

III.    TRANSFER FACTORS FAVOR KENEXA'S ORIGINAL CHOICE OF FORUM .... 6

      A.    Motion to Transfer Standard ................................................................... 6

            1.    Convenience of the Parties.......................................................... 7
            2.    Convenience of the Witnesses ..................................................... 9
            3.    Interests of Justice ..................................................................... 10

                 a.    Delaware Law Applies....................................................... 10
                 b.    Efficiency Analysis is Misplaced....................................... 12

CONCLUSION........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

BBDOCA, LLC v. Automotive Technologies, Inc, 358 F. Supp. 2d 387 (D. Del 2005)............... 6

Hechinger Investment Company of Delaware, Inc. v. Everything Warehouse, Inc, 2000 WL
    33712309 (Bkrtcy D. Del. 2000) ............................................................................. 8

Affymetrix, Inc. v. Synteni, Inc, 28 F. Supp. 2d 192 (D. Del 1998) ................................. 7, 10, 11

Crescent International, Inc. v. Avatar Communities, Inc, 857 F.2d 943 (3rd Cir. 1988) ........ 12, 13

Inter-City Products Corporation v. Insurance Company of North America, 1993 WL 18948
    (D. Del 1993). ................................................................................................. 13

Jumara v. State Farm Insurance Company, 55 F.3d 873 (3rd Cir. 1995) ...................... 6, 7, 8, 9, 11

Miller v. Batesville Casket Company, 219 F.R.D. 56 (E.D. N.Y. 2003)........................................ 5

Plum Tree, Inc. v. Stockment, 488 F.2d 754 (3rd Cir. 1973) ......................................... 8

Shutte v. Armco Steel Corp, 431 F.2d 22 (3rd Cir. 1970) ...................................... 7, 9, 10

The Joint Stock Society v. Heublein, Inc, 936 F.Supp. 177 (D. Del. 1996)............................ 7, 10

## STATEMENT OF NATURE AND STAGE OF PROCEEDING

On January 12, 2007, Kenexa Technology, Inc. ("Kenexa") filed its Complaint against BlueLinx Corporation ("BlueLinx") asserting claims for breach of contract and declaratory judgment stemming from a written contract between the parties.  (D.I. 1)  On February 20, 2007, BlueLinx filed an Answer and Counterclaim against Kenexa for breach of the same contract. (D.I. 5)  On March 12, 2007, Kenexa answered the counterclaim. (D.I. 7)

On May 3, 2007, Kenexa filed an Amended Complaint asserting additional claims against BlueLinx for interference with contractual relations and misappropriation of trade secrets. (D.I. 17)  The Scheduling order in this action was entered on May 4, 2007. (D.I. 15)  On May 17, 2007, BlueLinx filed an Amended Answer and Counterclaim against Kenexa.  (D.I. 18)  On May 21, 2007, BlueLinx filed a Motion to Transfer and Opening Brief. (D.I. 19, 20)  This is Kenexa's Answering Brief in Opposition.

## SUMMARY OF ARGUMENT

ARGUMENT

I.    BLUELINX WAIVED ITS RIGHT TO MOVE TO TRANSFER

II.   BLUELINX VOLUNTARILY SELECTED DELAWARE AS ITS VENUE

III.  TRANSFER FACTORS FAVOR KENEXA'S ORIGINAL CHOICE OF FORUM

    A.    Motion to Transfer Standard

        1.    Convenience of the Parties
        2.    Convenience of the Witnesses
        3.    Interests of Justice

            a.    Delaware Law Applies
            b.    Efficiency Analysis is Misplaced

## STATEMENT OF FACTS

BlueLinx is a nationwide distributor of building products. (Amended Complaint "AC" ¶ 6). BlueLinx hired Kenexa to provide employment outsourcing services, signing a five year Master Service Agreement ("Agreement") with Kenexa on June 1, 2006. (AC ¶¶ 7, 8)  Despite the five year term, BlueLinx improperly terminated the Agreement in November 2006. (AC ¶ 15) Kenexa, thereafter, filed the original action for breach of the Agreement and declaratory relief. (D.I. 1)

The Agreement contains a choice of law and consent to jurisdiction provision stating: "This Agreement shall be governed by and construed in accordance with the laws of the [SIC] Delaware, without giving effect to conflicts of law principles.  The parties hereto consent to the jurisdiction and venue of the courts of Delaware."  (AC Ex. A, ¶ 16.1)  In accordance with the Agreement, Kenexa filed its claims against BlueLinx in this Court.

As part of the Agreement, Kenexa provided BlueLinx with on-site and support personnel, including Leslie Lovelace ("Lovelace") and Susan Podsiad ("Podsiad"). (AC ¶ 6, 17)  Both Lovelace and Podsiad signed confidentiality and non-competition agreements with Kenexa ("Employee Contracts"). (AC ¶ 18-20)  Both the Agreement and Employee Contracts have provisions restricting BlueLinx from hiring Lovelace and Podsiad and requiring confidentiality of Kenexa's proprietary information and trade secrets. (AC ¶ 28, 29)  After BlueLinx terminated the Kenexa Agreement, it hired Lovelace and Podsiad. (AC ¶¶ 30, 31)  Kenexa filed the Amended Complaint as a result of BlueLinx hiring Kenexa's former employees.

Kenexa's Amended Complaint asserts claims for breach of contract, declaratory judgment, intentional interference with contractual relations, and misappropriation of trade secrets.  (AC, ¶¶ 35-58)  In its Amended Answer, BlueLinx admitted that it entered into the

Agreement and that it hired Lovelace and Podsiad. (Amended Answer "AA" ¶¶ 8-10, 30-31)  In addition to those admissions, BlueLinx asserted seven affirmative defenses.  BlueLinx failed to assert improper venue as an affirmative defense.

BlueLinx filed a Counterclaim against Kenexa for breach of contract, alleging in essence that Kenexa breached the Agreement. (Counterclaim "CC" ¶ 15)  In the Counterclaim, BlueLinx admitted that jurisdiction and venue in this Court are proper. (CC ¶¶ 1, 2)  Nonetheless, BlueLinx now wants to transfer the entire matter to another district court simply for its convenience.

## ARGUMENT

### I.     BLUELINX WAIVED ITS RIGHT TO MOVE TO TRANSFER

BlueLinx made no objection to venue in either of its answers challenging venue pursuant to Rule 12(b) and, therefore, waived its right to object to this venue through its motion to transfer. Miller v. Batesville Casket Company, 219 F.R.D. 56, 58-59 (E.D. N.Y. 2003).  See also Jumara v. State Farm Insurance Company, 55 F.3d 873, n. 2 (3rd Cir. 1995)(Garth, J., dissenting). The defense of improper venue is waived because it was not timely or properly made pursuant to Fed. R. Civ. P. 12(h), which states "defense of lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B)…"  BlueLinx failed to assert improper venue on two separate occasions, covering a three month period and asserted counterclaims admitting venue was proper and jurisdiction of this Court. (D.I. 7, 18)   Its motion should be denied.

### II.    BLUELINX VOLUNTARILY SELECTED DELAWARE AS THE VENUE IN THIS CASE

BlueLinx and Kenexa agreed to the forum selection and choice of law provision in the Agreement and it should be enforced.  (AC Ex. A)  The forum selection clause is "*prima facia* valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances."   BBDOCA, LLC v. Automotive Technologies, Inc, 358 F. Supp. 2d 387 (D. Del. 2005) (citation omitted)  Further in this circuit:

> A forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or over-reaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

Id. (quotation omitted)

BlueLinx offers no legitimate reasons to ignore the terms of the contract it negotiated and agreed to less than a year ago.  Because BlueLinx cannot avoid the valid forum selection clause merely because it wants to, transfer should be denied.

## III.    TRANSFER FACTORS FAVOR KENEXA'S ORIGINAL CHOICE OF FORUM

### A.    Motion to Transfer Standard

BlueLinx cannot meet its heavy burden required to transfer this case because it did not establish the balance of the parties' interest weights strongly in its favor.  Notwithstanding BlueLinx' procedural violations, the balancing test favors Kenexa.  The § 1404(a) balancing test factors are as follows: 1) convenience of the parties; 2) convenience of witnesses; and, 3) interests of justice.  Jumara, 55 F.3d at 879.  "The Court should examine 'all relevant factors to determine whether, on balance, the litigation would more conveniently proceed and the interest of justice [would] be better served by a transfer to a different forum.'"  Affymetrix, Inc. v. Synteni, Inc, 28 F. Supp. 2d 192, 196-197 (D. Del. 1998).  Courts in this circuit have not limited themselves to the three enumerated factors, but rather have used their discretion to consider both public and private interests.  Jumara, 55 F.3d at 879. [1]

---

[1] The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and, the location of books and records. Id. at 879.

The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and, the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879, 880.

"It is well-established that 'a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request' and that 'the burden is on the moving party to establish that a balancing of proper interests' weighs strongly in favor of transfer." Id. (quoting Shutte v. Armco Steel Corp, 431 F.2d 22 (3rd Cir. 1970)). "[I]n ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed." Id. at 879. "Deference is especially due when the plaintiff's choice of forum 'relates to its legitimate, rational concerns,'" even when the plaintiff is not a resident of the forum. The Joint Stock Society v. Heublein, Inc, 936 F.Supp. 177, 185-186 (D. Del.1996) (citation omitted). Undoubtedly, the forum selection and choice of law clause is a legitimate and rational reason to file suit in Delaware that should not be disturbed. However, the balance of the transfer factors also weighs heavily in Kenexa's favor.

### 1.    Convenience of the Parties

There is no reason to choose BlueLinx' convenience over Kenexa's. It is inappropriate to consider BlueLinx' convenience when it has already contractually chosen an appropriate venue. See Jumara, 55 F. 3d at 880. This Court should "treat a valid forum selection clause as Defendant's waiver of its right to assert its own convenience as a factor favoring transfer from the agreed upon forum." Hechinger Investment Company of Delaware, Inc. v. Everything Warehouse, Inc, 2000 WL 33712309, *1 (Bkrtcy. D. Del. 2000) (citing Plum Tree, Inc. v. Stockment, 488 F.2d 754 (3rd Cir. 1973)). (unreported decision attached as Exhibit A) Notwithstanding its waiver, the forum selection clause carries "substantial consideration" within a venue challenge. Jumara, 55 F.3d at 875. It is BlueLinx' burden to establish the overwhelming need to transfer. Id.

Obviously BlueLinx prefers to litigate this case in its backyard, but BlueLinx' reasons are not convincing. BlueLinx negotiated an arms-length Agreement with Kenexa that included a choice of law and forum selection clause. (Defendant's Opening Brief "DOB" 4) A forum selection clause is treated as a "manifestation of the parties" preference as to a convenient forum" and is entitled to substantial consideration. Id. at 880. It is the "salient factor" to consider when balancing the parties interests. Id. at 877.

Presumably, Delaware was selected because it is a neutral forum for two large, national companies. BlueLinx, and its legal department, had an opportunity to negotiate the terms of the Agreement and agreed on Delaware as the chosen forum. (DOB 3, 4) It cannot renegotiate that term now that it has breached the Agreement and faces litigation in its selected forum. BlueLinx' heavy burden to overcome the forum selection clause coupled with its burden to overcome BlueLinx choice of forum are insurmountable here. "'There is nothing … in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue.'" Shutte, 431 F.2d at 25.

Importantly, BlueLinx has failed to even argue the forum selection clause is not binding, which is necessary to overcome Kenexa's selected forum. Jumara, 55 F.3d at 880. "Where the forum selection clause is valid, which requires that there have been no 'fraud, influence, or overweening bargaining power,'… the [defendants] bear the burden of demonstrating why they should not be bound by their contractual choice of forum." Id. BlueLinx failed to do that. In fact, it admitted the clause is valid. (DOB 4)

BlueLlinx has offered no unique physical or financial conditions to compel consideration of a transfer. Id. at 879. It argues that transfer would not be problematic for Kenexa because of

Kenexa's size and scope of business. (DOB 8) Yet, it illogically asserts that somehow travel for an equally large national corporation is a compelling reason to transfer this action. "Regardless of whether the plaintiff is leaving or remaining on his 'home turf' to file suit in Delaware, the degree of consideration paid to this choice stays the same – it is 'paramount.'" Affymetrix, 28 F.Supp.2d at 199.  It is equally inconvenient to force Kenexa to litigate this case in the Northern District of Georgia as it is for BlueLinx to litigate here. See Shutte, 431 F.2d at 25.

No matter how it is analyzed, one party will have to travel from its principal place of business for this litigation.  This case involves two multimillion dollar, national corporation that operate all over the country; therefore, the burden of litigating in Delaware is minimal. Affymetrix, 28 F.Supp.2d at 202.

### 2.      Convenience of the Witnesses

Witness convenience does not tip in favor of BlueLinx.  It is no more convenient for Kenexa to produce its witnesses in Georgia as it is for BlueLinx to produce its witnesses here. Technology advances make it more difficult for a defendant to argue inconvenience of parties and witnesses, especially in cases involving substantial companies doing business throughout the country, requiring moving defendant to prove a "unique or unusual burden" on its business operation.  The Joint Stock Society, 936 F.Supp at 188-189.  Kenexa's headquarters is only 30 miles from the Court; whereas, BlueLinx is 15 miles from the Northern District. (Dixon Affidavit ¶ 7 attached as Exhibit B) (mapquest document attached as Exhibit C)  Kenexa's key witnesses and documents are located at its headquarters in Wayne, Pennsylvania. (Dixon Aff. ¶¶ 6, 7)

Kenexa's documents and witnesses are located in Wayne, Pennsylvania.  For Kenexa's part, the negotiation and execution of the Agreement occurred there.  (Dixon Aff ¶ 5)  It may be

true that most of BlueLinx' witnesses are in Georgia, but that fact should be given little weight considering BlueLinx filed a Counterclaim in this Court and the parties will have to produce their own personnel in either court.  "Party witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees."  <u>Affymetrix</u>, 28 F.Supp.2d at 203. (citation omitted)   BlueLinx offers a single non-party witness to support its position. (DOB 11) It fails, however, to identify why it would be necessary to have this person appear at trial. Convenience of witnesses should be considered only to the extent they are unavailable.  There has been no showing of unavailability or that a witness cannot be secured through the normal application of Court rules related to any out of state witnesses.

The production of books and records is also a non-issue.  BlueLinx' feigned alarm at the prospect of "mandatory interstate shipping" is unreasonable. (DOB 12)  BlueLinx is not shipping a car across the country.  At most, it will have to mail a box of documents to Delaware – hardly a compelling reason warranting transfer.  Those documents can be just as easily mailed from Delaware to Georgia as from Georgia to Delaware.  More importantly, there has been no showing that documents cannot be produced in this forum.  <u>Jumara</u>, 55 F.2d at 879.

### 3.    Interests of Justice

#### a.    Delaware Law Applies

BlueLinx incorrectly argues the amendments to the complaint transformed a simple contract case into a complex affair. (DOB 10)  This case is not as complex as BlueLinx would have the Court believe. (DOB 12-15)  It is still a simple contract case.  The dispute centers on a written contract, the Agreement.  In addition to the breach of contract action, Kenexa asserts claims for interference with contract and misappropriation of trade secrets.  However, those

claims are directly related to specific terms and obligations in the Agreement.  The Agreement restricts BlueLinx from using Kenexa's confidential information outside the performance of the Agreement.  (AC ¶ 28)  It also restricts BlueLinx from soliciting and hiring Kenexa's employees. (AC ¶ 29)

Kenexa's misappropriation and interference claims are subsumed within the breach of contract count as well as stand alone causes of action.  Specifically, Kenexa averred that "BlueLinx breached the Agreement when it hired Kenexa's former employees, Lovelace and Podsiad" and that "BlueLinx breached the Agreement when it used Kenexa's confidential Information outside the Agreement."  (AC ¶¶ 39, 40)

Kenexa's alternative causes of action should not influence transfer.  "[P]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms."  <u>Crescent International, Inc. v. Avatar Communities, Inc</u>, 857 F.2d 943, 944 (3rd Cir. 1988).  If accepted, BlueLinx position would allow any party to avoid a forum selection clause by the mere presence of additional non-contractual claims in cases involving breach of contract.  <u>See Id</u>. at 945.

BlueLinx repeatedly argues that Georgia has an overwhelming interest in this litigation because Georgia law will apply and BlueLinx is located in Georgia.[2]  In doing so, it barely acknowledges that it agreed Delaware law will apply to this matter.  For that reason, its choice of law argument is inappropriate because this is a Delaware Court applying Delaware law.  Even the <u>Inter-City</u> case it cites supports that position.  Choice of law only becomes a factor in a transfer motion "because 'it is preferable for a court of the state whose substantive law controls the action to hear the case…'"  <u>Inter-City Products Corporation v. Insurance Company of North</u>

---

2  Kenexa's Georgia counsel has sought to transfer the Georgia proceedings to the Eastern District of Pennsylvania.

America, 1993 WL 18948 (D. Del. 1993). (quotation omitted)   However, unlike Inter-City, Delaware substantive law applies here and should apply to all of Kenexa's causes of action.  See Crescent, 857 F.2d at 944.  (concluding that the parties forum selection clause applied not only to plaintiff's breach of contract claim, but also to plaintiff's RICO, fraud, unfair competition and tortious interference claims) (Dixon Aff. ¶ 5)   BlueLinx agreed to jurisdiction here, agreed to venue here, agreed this State's laws apply, and filed two counterclaims here.  This Court should, therefore, deny transfer.

### b.        Efficiency Analysis is Misplaced

BlueLinx' assertion that this Court is not fast or efficient enough is nonsense. (DOB 15, 16)  The actual facts of this litigation demand a contrary conclusion.  The original Complaint was filed on January 12, 2007. (D.I. 1)  Despite a dispute over its amendment, this Court had a scheduling order in place on May 4, 2007, before BlueLinx had its Amended Answer and Counterclaim on file. (D.I. 18)  A discovery deadline has been established and the Court already has the case scheduled for trial in April 2008. (D.I. 15)   Therefore, BlueLinx' statistics are irrelevant in light of the set deadlines of this case.

Moreover, it is a stretch to assert that the case will be resolved more quickly or efficiently by the Northern District of Georgia. (DOB 15, 16)  At the earliest, this case could be transferred in July of this year.  The Northern District will then require a new scheduling order and issue a new trial date.  According to BlueLinx' statistics, getting to trial there will take an additional two years – a least a year beyond this Court's trial track.  In the end, BlueLinx' analysis is simply wrong and efficiency is no basis to transfer this case.

## **CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Transfer should be denied.


SEITZ, VAN OGTROP & GREEN

By: */s/ Kevin A. Guerke*
R. Karl Hill, Esquire (No. 2747)
Kevin A. Guerke, Esquire (No. 4096)
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

ATTORNEYS FOR PLAINTIFF KENEXA
TECHNOLOGY, INC.


Dated:  June 12, 2007

59627 v1

# EXHIBIT A

Westlaw.

Not Reported in B.R.                                                                              Page 1

Not Reported in B.R., 2000 WL 33712309 (Bkrtcy.D.Del.)
**(Cite as: Not Reported in B.R.)**

**C**
Hechinger Investment Co. of Delaware, Inc. v.
Everything Warehouse, Inc.
Bkrtcy.D.Del.,2000.
Only the Westlaw citation is currently available.
United States Bankruptcy Court, D. Delaware.
HECHINGER INVESTMENT COMPANY OF
DELAWARE, INC., et al.
v.
EVERYTHING WAREHOUSE, INC.
**No. ADV. A-00-455.**

Nov. 20, 2000.

Theodore J. Tacconelli, Ferry & Joseph,
Wilmington, Mark A. Dienstag, Brenner &
Dienstag, P.A., Miami, FL, Counsel for Defendant.
Mark D. Collins, Deborah E. Spivack, Richards,
Layton & Finger, Wilmington, Brian E. O'Connor,
Carollynn H.G. Pedreira, Willkie Farr & Gallagher,
New York, NY, Co-Counsel for Debtors and
Debtors in Possession.
WALSH, J.
*1 Dear Counsel:

This is with respect to the defendant's motion to
dismiss or in the alternative, to **transfer venue** to
Maryland. (Doc. # 5). I deny the motion for the
reasons discussed below.

Hechinger Investment Company ("Hechinger") and
related affiliates are debtors under chapter 11 of the
Bankruptcy Code. The defendant, Everything
Warehouse, Inc. ("Defendant") is a buyer and seller
of warehouse-related furniture and equipment.
Hechinger, with this Court's approval, entered into
three purchase and sale agreements ("Agreements")
pursuant to which Defendant bought furniture,
fixtures and inventory from Hechinger warehouses
located in Virginia, Florida, New Jersey, Delaware,
and Maryland. Hechinger's complaint alleges
nonperformance under the Agreements.

Defendant argues that Hechinger cannot file suit in
this Court based on the **forum selection clause** in
each Agreement. Paragraph 11 of each contract
provides:
This Agreement and any disputes arising hereunder
shall be governed and construed in accordance with
the laws of the State of Maryland, without reference
to Maryland's choice of laws, rules and applicable
Bankruptcy laws. Purchaser [Defendant] and
Hechinger hereby agree that all such matters shall
*be brought in either the Bankruptcy Court or a
Court of competent jurisdiction in the state of
Maryland* and each hereby consents to personal
jurisdiction in such courts. (emphasis added).

Defendant claims that "in the state of Maryland"
modifies both "the Bankruptcy Court" and "a Court
of competent jurisdiction." Consequently,
Defendant argues that Hechinger can only file suit
in Maryland, either in a bankruptcy court or some
other court. Accordingly, Defendant moves to
dismiss this adversary proceeding or alternatively,
to **transfer venue.**

I find Defendant's interpretation implausible. The
provision unambiguously permits **venue** in this
Court. Had the parties intended to limit suit as
Defendant suggests, "a Court of competent
jurisdiction in Maryland" would have sufficed and
the reference to "courts" at the end of the sentence
would have been in the singular. It seems to me that
the only reasonable interpretation of paragraph 11 is
one that gives meaning to both "the Bankruptcy
Court," i.e., this Court in which Hechinger filed
bankruptcy and which authorized the Agreements,
*and* one "of competent jurisdiction in Maryland."[FN1]

> FN1. Because I find that the **forum
> selection clause** sanctions **venue** in this
> Court, I need not determine whether
> Fed.R.Civ.P. 12 (as made applicable to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.                                                                    Page 2

Not Reported in B.R., 2000 WL 33712309 (Bkrtcy.D.Del.)
**(Cite as: Not Reported in B.R.)**

this proceeding by Fed.R.Bank.P. 7012) is the proper procedural mechanism through which to enforce the **clause**. I also need not decide whether the **clause** is valid and enforceable to the extent *The Bremen v. Zappata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907 (1972) applies, because Defendant concedes that it is.

The only remaining issue is whether I should **transfer venue** under 28 U.S.C. § 1412 in the " interest of justice or for the **convenience** of the parties." I decline to do so. First, I may treat a valid **forum selection clause** as Defendant's waiver of its right to assert its own **convenience** as a factor favoring **transfer** from the agreed upon **forum**. *See Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 758 n. 7 (3d Cir.1973)(analyzing effect of **forum selection clause** under analogous federal **venue transfer** statute 28 U.S.C. § 1404(a)). Second, the plaintiff's choice of **forum** should generally not be disturbed, a consideration compounded in bankruptcy where the debtor-as-plaintiff enjoys the strong presumption of maintaining **venue** where its bankruptcy case is pending. *See, e.g., Continental Airlines, Inc. v. Chrysler (In re Continental Airlines, Inc.),* 133 B.R. 585, 587 (Bankr.D.Del.1991).

**\*2** However, even were Defendant to face a lesser burden, I would still not grant Defendant's motion because Defendant offers no basis on which to **transfer venue**. Its only factual allegations are that the circumstances and events which gave rise to Hechinger's cause of action, including documents and witnesses, are primarily located in Northern Virginia and Maryland. Def. Mtn. to Dismiss, at p. 5, ¶ 18. Even if this can be established, which I question in light of Hechinger's chapter 11 case here, Defendant gives no reason why this is inconvenient or why it necessitates transfer in the interests of justice. Accordingly, I deny Defendant's motion.

So ordered.

Bkrtcy.D.Del.,2000.
Hechinger Investment Co. of Delaware, Inc. v. Everything Warehouse, Inc.

Not Reported in B.R., 2000 WL 33712309 (Bkrtcy.D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENEXA TECHNOLOGY, INC.,<br>a Pennsylvania Corporation, | ) | C.A. No. 07-27 (GMS) |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| BLUELINX CORPORATION,<br>a Georgia Corporation, | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF CYNTHIA DIXON

Cynthia Dixon, being duly sworn according to law, states under oath as follows:

1.       My name is Cynthia Dixon. I am General Counsel for Kenexa Technology, Inc.

2.       Kenexa Technology, Inc. ("Kenexa") is an employment software, proprietary content, services and process outsourcing company with offices in the United States and abroad.

3.       Kenexa'S headquarters are located in Wayne, Pennsylvania.

4.       My office is located at Kenexa's headquarters.

5.       I was involved in the negotiation and drafting of the Agreement by and between Kenexa Technology, Inc. and BlueLinx Corporation ("BlueLinx") that is the subject matter of this action. Pursuit to paragraph 16.1 of the Agreement, Kenexa and BlueLinx selected the Courts of Delaware as the venue and forum for any disputes between Kenexa and BlueLinx with respect to the Agreement. It is my understanding that paragraph 16.1 is a forum selection clause as between the parties for all claims stated in the Amended Complaint as it relates to the Agreement. The parties also agreed in paragraph 16.1 that Delaware law would apply to the claims raised in this action.

6.    Most of the key employees of Kenexa involved with the Agreement including myself, John Holvay, George Vollmer, Eliot Clark, and Howard Cherry maintain offices in and performed work relating to the Agreement at Kenexa's headquarters.

7.    All material documents, including electronic communications, are located at Kenexa's headquarters, which is approximately 30 miles from the Federal Court in downtown Wilmington. BlueLinx is a Georgia corporation with facilities Nationwide according to its website. BlueLinx has two facilities in Pennsylvania not far from Wilmington. A significant percentage of work done in connection with the Agreement related to outsourcing for BlueLinx's Colorado operation. For Kenexa, Wilmington is a convenient and desirable forum to resolve its legal differences with BlueLinx.

8.    It is my opinion that it is and will be convenient for BlueLinx to have the matter resolved within the District Court of Delaware. On behalf of Kenexa, I respectfully request that the matter not be transferred to Georgia as requested by BlueLinx.

_____
Cynthia Dixon


COMMONWEALTH OF PENNSYLVANIA )
                             ) ss.
COUNTY OF CHESTER            )


***SWORN TO AND SUBSCRIBED*** before me, this 11th day of June, 2007.

_____
Notary Public

NOTARIAL SEAL
MICHELE CAMACHO
Notary Public
TREDYFFRIN TWP, CHESTER COUNTY
My Commission Expires Jan 28, 2009

# EXHIBIT C





**Start:** **4300 Wildwood Pkwy**
Atlanta, GA 30339-8440, US

**End:** **75 Spring Street Sw**
Atlanta, GA 30303, US

**Notes:**

> Only text visible within note field will print.

| Directions | Distance |
|---|---|

**Total Est. Time:** 22 minutes     **Total Est. Distance:** 15.37 miles

| | | |
|---|---|---|
| 🏁 | **1:** Start out going NORTHEAST on RIVERS CALL RD SE toward WILDWOOD PKWY SE. | <0.1 miles |
| ↰ | **2:** Turn LEFT onto WILDWOOD PKWY SE. | 0.1 miles |
| ↰ | **3:** Turn LEFT onto WINDY HILL RD SE. Pass through 1 roundabout. | 1.4 miles |
| SOUTH 75 | **4:** Merge onto I-75 S / GA-401 S toward I-285 W / ATLANTA. | 12.8 miles |
| 248A EXIT | **5:** Take the M L KING JR DR exit- EXIT 248A- toward STATE CAPITOL / TURNER FIELD. | 0.2 miles |
| ↖ | **6:** Keep LEFT at the fork to go on MARTIN LUTHER KING JR DR SE. | 0.6 miles |
| ↱ | **7:** Turn RIGHT onto SPRING ST SW. | <0.1 miles |
| 🏁 | **8:** End at **75 Spring Street Sw** Atlanta, GA 30303, US | |

**Total Est. Time:** 22 minutes     **Total Est. Distance:** 15.37 miles

## <u>CERTIFICATE OF SERVICE</u>

I, *Kevin A. Guerke*, Esquire, hereby certify that on this 12th day   of   June   2007,   the

attached document was electronically filed with the Clerk of the Court using CM/ECF and was

electronically mailed to the following counsel:

> Donald J. Wolfe, Jr., Esquire
> Philip A. Rovner, Esquire
> David E. Moore, Esquire
> POTTER, ANDERSON & CORROON LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> P.O. Box 951
> Wilmington, DE  19899
> dwolfe@potteranderson.com
> provner@potteranderson.com
> dmoore@potteranderson.com

> */s/ Kevin A. Guerke*
> R. Karl Hill, Esquire (Bar No. 2747)
> Kevin A. Guerke, Esquire (Bar. No. 4096)
> SEITZ VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P.O. Box 68
> Wilmington, DE  19899
> (302) 888-0600
> kguerke@svglaw.com

59120