# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KENEXA TECHNOLOGY, INC.,
A Pennsylvania corporation,

                Plaintiff,

              v.

BLUELINX CORPORATION,
A Georgia corporation,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 07-27-GMS

**JURY TRIAL DEMANDED**

## DEFENDANT BLUELINX CORPORATION'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO TRANSFER

Donald J. Wolfe, Jr. (#285)
Philip A. Rovner (#3215)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
dwolfe@potteranderson.com
provner@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*

Dated: June 22, 2007
798351 / 31137

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT ..................................................................................... 1

    I.     BLUELINX HAS NOT WAIVED ITS RIGHT TO MOVE TO
         TRANSFER ............................................................................. 2

    II.    THE MASTER SERVICE AGREEMENT DOES NOT PRECLUDE
         TRANSFER OF THIS LITIGATION ...................................... 3

    III.   THE BALANCE OF CONVENIENCE AND THE INTEREST OF
         JUSTICE FAVOR TRANSFER .............................................. 5

         A.    Convenience of the Parties and Witnesses.................................. 5

         B.    The Interest of Justice ............................................................. 6

                1.    Georgia Law Applies to the Newly-Added Tort Claims ............... 6

                2.    Judicial Efficiency ......................................................... 7

CONCLUSION ................................................................................... 8

# TABLE OF AUTHORITIES

CASES

*3Com Corp v. D-Link Sys., Inc.,*
    C.A. No. 03-14-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003)..........................................6

*BBDOVA, LLC v. Automotive Technologies, Inc.,*
    358 F. Supp. 2d 387 (D. Del. 2005)..........................................................................................4

*Cameron International Corporation v. Dril-Quip, Inc.,*
    C.A. No. 06-728-JJF, Mem. Order (D.I. 21) (D. Del. May 3, 2007)..........................................3

*Childcraft Education Corp. v. Alice's Home,*
    C.A. 05-461-GMS, 2006 WL 1452802 (D. Del. May 22, 2006)................................................1

*Citigroup Inc. v. City Holding Co.,*
    97 F. Supp. 2d 549 (S.D.N.Y. 2000)..........................................................................................3

*Crescent International, Inc. v. Avatar Communities, Inc.,*
    857 F.2d 943 (3d Cir. 1988).........................................................................................................6

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995).................................................................................................. 1, 2-3

*Kahn v. National Railroad Passenger Corporation,*
    No. 85 Civ. 3586-CSH, 1986 WL 1456 (S.D.N.Y. Jan. 28, 1986)............................................2

*Millet v. Truelink, Inc.,*
    C.A. No. 05-599-SLR, 2006 WL 2583100 (D. Del. Sept. 7, 2006) ..........................................6

*Montgomery v. Tap Enterprises, Inc.,*
    No. 06 CV 5799(HB), 2007 WL 576128 (S.D.N.Y. Feb. 26, 2007) ..........................................2

*Nilssen v. Osram Sylvania, Inc.,*
    C.A. No. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001) ...................................... 5-6

*Plum Tree, Inc. v. Stockment,*
    488 F.2d 754 (3d Cir. 1973)....................................................................................................3, 5

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964).......................................................................................................................5

*Weisler v. Barrows,*
    C.A. No. 06-362-GMS, 2006 WL 3201882 .............................................................................5, 6

*Wyeth & Bro. Ltd. v. Cigna Int'l. Corp.,*
    119 F.3d 1070 (3d Cir. 1997).......................................................................................................3

## STATUTES, RULES & REGULATIONS

28 U.S.C. § 1404 ................................................................................................................................1

28 U.S.C. § 1404(a) .................................................................................................................. passim

28 U.S.C. § 1406 ............................................................................................................................1, 2

Fed. R. Civ. P. 12 ...........................................................................................................................1, 2

Kenexa's Answering Brief ("Ans. Brf.") (D.I. 27) fails to dispute the fundamental basis for BlueLinx' motion to transfer (D.I. 19) pursuant to 28 U.S.C. § 1404 – namely that the relevant case-specific factors weigh decidedly in favor of transfer and the allegations of the Amended Complaint have no connection whatsoever to the State of Delaware. Instead, Kenexa responds with easily distinguishable case law and inapplicable arguments relating to improper venue motions filed pursuant to Fed. R. Civ. P. 12 and 28 U.S.C. § 1406. Such rhetoric should be disregarded in favor of the reasoned approach prescribed by the *Jumara* balancing test, the well-settled protocol for motions made pursuant to 28 U.S.C. § 1404(a). Here, the balance of convenience factors and the interest of justice warrant transfer to the Northern District of Georgia [Atlanta Division].

## ARGUMENT

In its Answering Brief, Kenexa concedes, as it must, the following: (1) neither party is incorporated or resides in Delaware; (2) all events relevant to the claims and defenses alleged in the pleadings occurred outside of Delaware, primarily in the State of Georgia; (3) services provided pursuant to the Master Service Agreement were provided to BlueLinx in Georgia and Colorado; (4) all witnesses to the events alleged in the pleadings reside outside of Delaware, with at least one non-party witness in Georgia; and (5) the newly-added counts in the Amended Complaint relate to the same subject matter as two actions formerly pending in the Superior Court of Fulton County, State of Georgia, and now pending in the Northern District of Georgia [Atlanta Division]. The only relationship this case bears to Delaware is in the non-exclusive forum-selection and choice-of-law provision found in the Master Service Agreement, an attenuated relationship at best. *Cf. Childcraft Education Corp. v. Alice's Home*, C.A. 05-461-GMS, 2006 WL 1452802, at *2 (D. Del. May 22, 2006) (Ex. A hereto) (stating, in the context of a choice-of-law/motion to dismiss determination, "The only relationship this case bears to

Delaware is in the choice-of-law provision and the forum-selection clause of an agreement executed in another state by non-Delaware residents. That relationship is too attenuated to be deemed material.").

When considered in their totality, as prescribed by *Jumara*, the relevant factors clearly favor transfer to the Northern District of Georgia [Atlanta Division] for the convenience of the parties and interest of justice. Additionally, Kenexa's cursory arguments on the topics below are riddled with distinguishable, often inapplicable, case law.

## I.     BLUELINX HAS NOT WAIVED ITS RIGHT TO MOVE TO TRANSFER

Kenexa's waiver argument (Ans. Brf., at p. 5) is puzzling, particularly because it asks that this Court ignore the stated basis for BlueLinx' transfer motion. BlueLinx has never contended that venue is <u>improper</u>. Thus, Kenexa's attempt to portray BlueLinx' motion as one made pursuant to Fed. R. Civ. P. 12 and/or 28 U.S.C. § 1406 is improper. The reality is that BlueLinx moved to transfer on convenience and interest of justice grounds pursuant to 28 U.S.C. § 1404(a), and that such a motion, "presupposes that venue is proper in the transferor court." *Montgomery v. Tap Enterprises, Inc.*, No. 06 CV 5799(HB), 2007 WL 576128, at \*3 (S.D.N.Y. Feb. 26, 2007) (Ex. B hereto) (finding plaintiffs' case law addressing waiver of challenges to improper venue to be inapplicable to the Court's analysis of defendant's motion to transfer pursuant to 28 U.S.C. § 1404); *see also Kahn v. National Railroad Passenger Corporation*, No. 85 Civ. 3586-CSH, 1986 WL 1456 (S.D.N.Y. Jan. 28, 1986) (Ex. C hereto) (finding plaintiff's waiver argument nonsensical where defendant had moved for transfer pursuant to § 1404(a)); Motion to Transfer (D.I. 19).

The mere existence of a forum-selection provision, especially a permissive or non-exclusive provision such as the one contained in the Master Service Agreement, does not result in an automatic waiver or obviate the need for further analysis under § 1404(a). *See Jumara v.*

2

*State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995) ("Even had the court believed that it was applying 1404(a), there is no indication that it properly considered these factors, and the written order denying the motion ... does not satisfy the mandate that the proper factors be considered."); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 (3d Cir. 1973) ("Such an agreement does not obviate the need for an analysis of the factors set forth in 1404(a) and does not necessarily preclude the granting of the motion to transfer.").

Similarly, there is no merit to Kenexa's argument that, by its assertion of counterclaims, BlueLinx is somehow precluded from moving to transfer. In its Opening Brief, BlueLinx cited *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 563 (S.D.N.Y. 2000), for the proposition that courts tend to view transfer more favorably from an interest of justice/efficiency standpoint when, as here, the moving defendant files a counterclaim in the original court rather than filing a related action in its preferred forum. Opening Brief ("Op. Brf.") (D.I. 19), at p. 15, n3; *see also Cameron International Corporation v. Dril-Quip, Inc.*, C.A. No. 06-728-JJF, Mem. Order (D.I. 21) (D. Del. May 3, 2007) (Ex. D hereto) (granting motion to transfer by defendant who had answered and counterclaimed). Kenexa fails to distinguish or even address this line of authority.

## II.    THE MASTER SERVICE AGREEMENT DOES NOT PRECLUDE TRANSFER OF THIS LITIGATION

Whether or not the forum-selection clause contained in the Master Service Agreement **precludes** transfer of this action depends on the language of the specific clause at issue. *Wyeth & Bro. Ltd. v. Cigna Int'l. Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997). Here, paragraph 16.1 of the Master Service Agreement does not preclude litigation in forums other than Delaware. The paragraph simply states, "[t]his Agreement shall be governed by and construed in accordance with the laws of the [sic] Delaware, without giving effect to conflicts of law principles. The parties hereto consent to the jurisdiction and venue of the courts of Delaware." By its very

terms, this paragraph fails even to mention litigation, let alone preclude litigation in other, more convenient forums.

As the Court is aware, and as demonstrated in the cases Kenexa relies upon, the parties easily could have included (but did not) additional language in the Master Service Agreement if their aim was to establish exclusive venue in the United States District Court for the District of Delaware.  By way of example, Kenexa relies upon *BBDOVA, LLC v. Automotive Technologies, Inc.*, 358 F. Supp. 2d 387 (D. Del. 2005), for the proposition that, by agreeing to the terms of the Master Service Agreement, BlueLinx selected Delaware as the venue for all claims in the Amended Complaint.  *See* Ans. Brf., at  p. 5.  Kenexa, however, fails to disclose that the forum-selection/choice-of-law provision at issue in *BBDOVA* was exclusive -- unlike the language at issue here -- and considerably more detailed in its scope.  The provision at issue in *BBDOVA* read as follows:

> This Agreement will be governed by and interpreted by the laws of the State of Connecticut.  You agree that <u>any causes of action</u> between the parties <u>with respect to any issue arising out of or relating to</u> this Franchise Agreement, the breach thereof, the relationship between the Franchisor [sic] and the Franchisee <u>or any other issue or dispute</u> **will only be brought** in <u>either the state or federal courts of Connecticut.</u>

358 F. Supp. 2d at 389-390 (emphasis added); *see also* Ans. Brf., at pp. 5, 8 (citing *Miller v. Batesville Casket Co.*, 219 F.R.D. 56, 57 (E.D.N.Y. 2003) ("[T]he parties agree that <u>any claim of any type</u> brought by the Representative against the Company or any of its employees or agents <u>must be maintained only in</u> a court sitting in Marion County, Indiana , or Ripley County, Indiana, or, if in federal court, the Southern District of Indiana, Indianapolis Division.") (emphasis added) and *Hechinger Investment Company of Delaware, Inc. v. Everything Warehouse, Inc.*, 2000 WL 33712309, at * 1 (Bkrtcy. D. Del. Nov. 20, 2000) (Ans. Brf., Ex. A) ("...<u>all such matters shall be brought in</u> either the Bankruptcy Court or a Court of competent jurisdiction in the state of

Maryland...") (emphasis added)). The parties did not include such language in this matter, and instead merely agreed that venue would be proper (though not exclusively so) in the "courts of Delaware."

## III.    THE BALANCE OF CONVENIENCE AND THE INTEREST OF JUSTICE FAVOR TRANSFER

### A.    Convenience of the Parties and Witnesses

As set forth in BlueLinx' Opening Brief, a § 1404(a) analysis is a discretionary determination requiring an individualized, case-by-case consideration of convenience and fairness factors. *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Weisler v. Barrows*, C.A. No. 06-362-GMS, 2006 WL 3201882, * 2 (D. Del. Nov. 6, 2006) (Op. Brf., Ex. F). Here, neither party is incorporated in Delaware; neither party maintains offices in Delaware; no acts or omissions occurred in Delaware; and no witnesses reside in Delaware. *See* Initial Disclosures (Ex. E hereto). By contrast, and with regard to the intended transferee district, BlueLinx is incorporated in Georgia; BlueLinx has headquarters in Georgia; the Master Service Agreement was negotiated, in part, in Georgia; the breaches of contract alleged in the Amended Complaint and/or Counterclaim occurred in Georgia; the tortious acts alleged in the Amended Complaint purportedly occurred in Georgia; Kenexa maintained on-site employees at BlueLinx in Georgia; party and non-party witnesses are located in Georgia; and finally, related litigation between Kenexa and the former Kenexa employees implicated in Kenexa's Amended Complaint is pending in the Northern District of Georgia [Atlanta Division]. These facts are undisputed.

Even if the Court does not find that the convenience of the parties tips in favor of transfer, the convenience factors still favor transfer because at least one non-party witness, Jackie Hawkins, resides in Georgia. *See Nilssen v. Osram Sylvania, Inc.*, C.A. No. 00-695-JJF, 2001

WL 34368395, at *2-*3 (D. Del. May 1, 2001) (Op. Brf., Ex. J) ("A party need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power."); *3Com Corp v. D-Link Sys., Inc.*, C.A. No. 03-14-GMS, 2003 WL 1966438, at *2 (D. Del. Apr. 25, 2003) (Op. Brf., Ex. K) (observing that "[e]ven if these witnesses were willing to travel to Delaware to testify in this court, it is certainly very inconvenient for them to do so, especially compared to traveling to a court in the state of their residence and employment"); *see also Weisler*, 2006 WL 3201882, at *2 ("the moving party is not required to show truly compelling circumstances for the change of venue, but rather that <u>all relevant things considered</u>, the case would be better off transferred to another district.") (emphasis added); *see also* Op. Brf., Ex. B, at ¶ 14.

## B.    The Interest of Justice

### 1.    Georgia Law Applies to the Newly-Added Tort Claims

Kenexa misleadingly relies on *Crescent International, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943 (3d Cir. 1988), to support its position that its inclusion of newly-added tort claims does not support transfer. *Avatar* is inapposite. First, *Avatar* was not decided under § 1404(a). 857 F.2d at 944. Indeed, the *Avatar* litigants agreed that § 1404(a) was inapplicable. *Id.* Here, despite Kenexa's misconception to the contrary, *see supra* pp. 2-3, BlueLinx has moved pursuant to § 1404(a), and § 1404(a) does apply.

Further, Kenexa never once addresses that the related tort claims that it chose to add to this lawsuit are governed by Georgia law. Indeed, Kenexa fails even to address, let alone distinguish, case law from this District acknowledging that a Delaware "governing law" provision in a contract, which is the subject of litigation, need not apply to related tort claims where, as here, "Delaware lacks a substantial relationship to the parties or the transaction…." *Millet v. Truelink, Inc.*, C.A. No. 05-599-SLR, 2006 WL 2583100 (D. Del. Sept. 7, 2006) (Op.

6

Brf., Ex. N). Here, there is no dispute that Delaware has limited, if any, relationship to the parties or transaction. *See supra* p.5; Op. Brf., at pp. 1-6.

Georgia law is also at issue in the two actions formerly pending in the Superior Court of Fulton County, State of Georgia, and now pending in the Northern District of Georgia [Atlanta Division]. As the Court will recall, these actions, which were originally filed pursuant to O.C.G.A. § 9-11-65 by two former Kenexa employees, seek to enjoin Kenexa from enforcing or attempting to enforce, in violation of Georgia law, the confidentiality, non-competition, and non-solicitation provisions of their respective employment contracts. *See* Op. Brf., at Exs. D, E. Kenexa removed these actions to the Northern District of Georgia [Atlanta Division] on May 4, 2007; answered and counterclaimed in response to the respective complaints on May 7, 2007; and moved to transfer the cases to the Eastern District of Pennsylvania on May 9, 2007. *See* Docket Sheets (Ex. F hereto). On June 15, 2007, Plaintiffs moved to remand their respective cases to state court and filed answers to Kenexa's counterclaims. *Id.*

As of the time of this filing, the motions pending in the Northern District of Georgia [Atlanta Division] remain outstanding. Regardless of whether the Georgia actions are transferred to federal court in Pennsylvania, remanded to Georgia state court, or for that matter, otherwise resolved, BlueLinx' motion to transfer is unaffected; the clear nexus of the Delaware litigation to Georgia remains. There can be little doubt that Georgia has an interest in this litigation, and that, on balance, this factor strongly favors transfer to the Northern District of Georgia [Atlanta Division].

### 2.    Judicial Efficiency

BlueLinx' argument on judicial efficiency was limited to a statistical comparison of the two districts at issue. Op. Brf., at p. 16. Contrary to Kenexa's assertions, BlueLinx did not argue that this Court is not efficient. Indeed, BlueLinx simply presented statistical data compiled by

the Administrative Office of the United States Courts indicating that the Northern District of

Georgia, like the District of Delaware, resolves its cases in an efficient manner. This Court can

take comfort in the fact that the Northern District of Georgia is equipped to dispose of this

litigation in a timely manner and that transfer of this litigation, which is in its infancy, would not

prejudice Kenexa.

## CONCLUSION

For the foregoing reasons and the reasons set forth in BlueLinx' Opening Brief, BlueLinx

respectfully requests that its Motion to Transfer be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP


By:   */s/ Philip A. Rovner*
   Donald J. Wolfe, Jr. (#285)
   Philip A. Rovner (#3215)
   David E. Moore (#3983)
   Hercules Plaza
   P. O. Box 951
   Wilmington, Delaware 19899
   (302) 984-6000
   dwolfe@potteranderson.com
   provner@potteranderson.com
   dmoore@potteranderson.com

Dated:  June 22, 2007       *Attorneys for Defendant*
798351 / 31137

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on June 22, 2007, the attached document

was electronically mailed and hand delivered to the following persons and was

electronically filed with the Clerk of the Court using CM/ECF which will send

notification to the registered attorney(s) of record that the document has been filed and is

available for viewing and downloading:

> Robert Karl Hill, Esq.
> Kevin A. Guerke, Esq.
> Seitz, Van Ogtrop & Green, P.A.
> 222 Delaware Avenue, Suite 1500
> P.O. Box 68
> Wilmington, DE 19899
> khill@svglaw.com
> kguerke@svglaw.com

> By:  */s/ Philip A. Rovner*
> Donald J. Wolfe, Jr.
> Philip A. Rovner
> David E. Moore
> Hercules Plaza, 6th Floor
> 1313 N. Market Street
> Wilmington, Delaware 19899-0951
> (302) 984-6000
> dwolfe@potteranderson.com
> provner@potteranderson.com
> dmoore@potteranderson.com

778742

# EXHIBIT A



Slip Copy
Slip Copy, 2006 WL 1452802 (D.Del.)
(Cite as: Slip Copy)

Page 1

**C**
Childcraft Educ. Corp. v. Alice's Home
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
CHILDCRAFT EDUCATION CORP., Plaintiff,
v.
ALICE'S HOME, and William Wedd, Defendants.
**No. CIVA 05-461(GMS).**

May 22, 2006.

John Leonard Reed, Edwards Angell Palmer &
Dodge LLP, Wilmington, DE, Christopher R.
Johnson, pro hac vice, Mark S. Floyd, pro hac vice,
for Plaintiff.
S. Mark Hurd, Morris, Nichols, Arsht & Tunnell,
Wilmington, DE, James P. Connors, pro hac vice,
Samuel Taylor Hirzel, II, **Delaware Court of
Chancery**, Wilmington, DE, for Defendants.

*MEMORANDUM*

SLEET, J.

### I. INTRODUCTION

*\*1 Presently before the **court** in the above-captioned
action for breach of contract, misappropriation of
trade secrets, and unjust enrichment is the defendants'
motion to dismiss. (D.I.24.) For the reasons below,
the **court** will grant the motion.

### II. JURISDICTION

The **court** has jurisdiction over this matter pursuant
to 28 U.S.C.A. § 1332 (Supp.2005).

### III. STANDARD OF REVIEW

"When considering a Rule 12(b)(6) motion, [the
**court** is] required to accept as true all allegations in
the complaint and all reasonable inferences that can
be drawn therefrom, and view them in the light most
favorable to the plaintiff." *Evancho v. Fisher, 423
F.3d 347, 350 (3d Cir.2005).* "A Rule 12(b)(6)
motion should be granted 'if it appears to a certainty
that no relief could be granted under any set of facts
which could be proved." ' *Id. at 351* (quoting *D.P.*

*Enter. Inc. v. Bucks County Cmty. Coll., 725 F.2d
943, 944 (3d Cir.1984)).* "However, [the] court need
not credit either 'bald assertions' or 'legal
conclusions' in a complaint when deciding a motion
to dismiss." *Evancho, 423 F.3d at 351.*

### IV. BACKGROUND

Plaintiff Childcraft Education Corp. ("Childcraft") is
a New York corporation with its principal place of
business in Lancaster, Pennsylvania. As its name
suggests, Childcraft sells educational supplies.
Defendant Alice's Home, a sole proprietorship in
Columbus, Ohio, also sells educational supplies,
including a product known as the Extra Wide
Language Easel, Model A116 ("the A116"). Alice's
Home is owned entirely by Defendant William Wedd
("William"), who is also a resident of Ohio. Alice
Wedd ("Alice")-William's spouse-worked in Ohio as
a sales representative for Childcraft from 1995 until
May 2003. She, too, is a resident of Ohio. In early
1998, Alice's Home granted Childcraft an exclusive
license to sell the A116. The terms of that license
were negotiated in Ohio, and the licensing agreement
was executed in Ohio. Yet, in spite of the fact that the
parties have obvious contacts with Ohio, New York,
and Pennsylvania, and in spite of the fact that the
parties have no discernable contacts with **Delaware**,
the licensing agreement contains both a choice-of-
law provision **stating** that the laws of **Delaware** shall
apply to the agreement's construction, interpretation,
and enforcement, and a **forum-selection clause
stating** that the parties agree to submit to personal
jurisdiction in **Delaware**.

On May 16, 2005, Alice and Alice's Home brought
suit in Ohio **state court** against Childcraft and James
Green-Alice's direct supervisor at Childcraft-alleging
that Childcraft misappropriated trade secrets and used
those secrets to sell products which, although similar
to the A116, were the property of Alice's Home and
were **not** covered by the licensing agreement. The
amended complaint in the Ohio action also **states**
causes of action for unfair competition, breach of
contract, wrongful discharge, interference with
contract, slander, and unjust enrichment. By contrast,
in the case before this **court**-which was filed on July
1, 2005-Childcraft alleges that Alice's Home violated
the parties' agreement by selling the A116 in spite of
Childcraft's exclusive license to do so. Childcraft

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

further alleges that William and Alice's Home made unauthorized use of certain trade secrets which Alice had improperly obtained through her employment at Childcraft. In its original complaint, Childcraft named Alice, William, and Alice's Home as defendants. However, the defendants subsequently moved to dismiss Alice for lack of personal jurisdiction, and Childcraft responded by voluntarily dismissing her without prejudice. Childcraft then filed an amended, three-count complaint (breach of contract, misappropriation of trade secrets, and unjust enrichment) naming only William and Alice's Home as defendants. Presently before the **court** is the defendants' motion to dismiss.

## V. DISCUSSION

### A. Choice of Law

**\*2** A fundamental dispute in this case is whether the choice-of-law provision in the licensing agreement should be honored. "A Federal **District Court** sitting in diversity must apply the choice of law rules of the **state** in which it sits to determine which **state's** law governs the controversy before it." Kreider v. F. Schumacher & Co., 816 F.Supp. 957, 960 (D.Del. Mar.1, 1993). "**Delaware courts** will generally honor a contractually-designated choice of law provision so long as the jurisdiction **selected** bears some material relationship to the transaction." J.S. Alberici Constr. Co. v. Mid-West Conveyor Co., 750 A.2d 518, 520 (Del.2000). The only relationship this case bears to **Delaware** is in the choice-of-law provision and the **forum-selection clause** of an agreement executed in another **state** by non-**Delaware** residents. That relationship is too attenuated to be deemed material. Therefore, since neither side argues that New York or Pennsylvania law should control, the **court** holds that Ohio law governs the **terms** of the licensing agreement.

### B. Personal Jurisdiction and Venue

This **court's** personal jurisdiction is based entirely on the **forum-selection clause** of the licensing agreement. "Under Ohio law, a **forum selection clause** is invalid under the following circumstances: (1) it was obtained by fraud, duress, the absence of economic power or other unconscionable **means**, (2) the designated **forum** would be closed to the suit or would **not** handle it effectively or fairly, or (3) the

designated **forum** would be so seriously an inconvenient **forum** that to require the plaintiff to bring the suit there would be unjust." *Preferred Capital, Inc. v. Sarasota Kennel Club*, No. 04-2063, 2005 U.S. Dist. LEXIS 15238, at \*7 (N.D.Ohio July 27, 2005). "In determining whether the selected forum is sufficiently unreasonable, factors to consider include: (1) which law controls the contractual dispute; (2) what residency of the parties maintain; (3) where the contract was executed; (4) where are the witnesses and parties to the litigation located; and (5) whether the **forum's** designated location is inconvenient to the parties." *Id.* at \*10. It requires little discussion for the **court** to conclude that, under Ohio law, this **forum-selection clause** is invalid as unreasonable. Accordingly, this **court** has no personal jurisdiction over the defendants.

## VI. CONCLUSION

Because the **court** lacks jurisdiction, the defendants' motion to dismiss must be granted.

### ORDER

IT IS HEREBY ORDERED THAT:

1. The defendants' motion to dismiss (D.I.24) be GRANTED; and

2. The plaintiff's motion to strike the affidavit of William Wedd (D.I.28) be DENIED as moot.

D.Del.,2006.
Childcraft Educ. Corp. v. Alice's Home
Slip Copy, 2006 WL 1452802 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B



Slip Copy
Slip Copy, 2007 WL 576128 (S.D.N.Y.)
(Cite as: 2007 WL 576128 (S.D.N.Y.))

Page 1

C
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Shirley MONTGOMERY, on behalf of herself and
others similarly situated,
Plaintiffs,
v.
TAP ENTERPRISES, INC., Defendant.
No. 06 CV 5799(HB).

Feb. 26, 2007.

### OPINION & ORDER

Hon. HAROLD BAER, JR., District Judge.

*1 Plaintiff Shirley Montgomery ("Plaintiff") has
brought this putative class action against defendant
Tap Enterprises, Inc. ("Tap" or "Defendant").
Plaintiff alleges that Defendant failed to pay
Plaintiffs overtime premium pay as required by the
Fair Labor Standards Act (FLSA), 29 U.S.C. § 201
et. seq..

Defendant now moves pursuant to 28 U.S.C. §
1404(a) to transfer venue to the United States District
Court for the Western District of Missouri (Southern
Division), or alternatively, to the United States
District Court for the District of Kansas.

For the reasons set forth below, the motion to
transfer is granted. [FN1]

> FN1. The Court wishes to thank Shaun
> Pappas of Cardozo Law School for his
> assistance in researching and preparing this
> Opinion.

### I. BACKGROUND
#### A. Underlying Facts of Complaint

Named plaintiff Shirley Montgomery and putative
named plaintiff Lisa Grant [FN2] are employed by
Defendant Tap Enterprises. Plaintiffs' jobs are to
travel the country in sales crews putting on "tool
truck sales shows" for Defendant. See 1/8/2007 Pl.'s
Mem. in Opp'n to Mot. to Transfer Venue ("Pl.'s
Opp'n") at 1. Plaintiffs allege that they usually work

fifteen (15) hour days, six (6) days a week, for which
they are paid $80 to $85 per day. Id. According to
Plaintiffs, those workers operating the tool truck sales
shows are continuously on the road, except for five
(5) days in December. Id. Plaintiffs thus allege that
Defendant Tap failed to pay Plaintiffs overtime
premium pay as required by the FLSA. Plaintiff's
Complaint ("Pl.Compl.") at ¶ 1.

> FN2. On November 8, 2006, Plaintiff
> Shirley Montgomery filed an unopposed
> motion to amend her complaint to add Lisa
> Grant as a named plaintiff. (Grant, on
> August 8, 2006, "opted-in" to the lawsuit by
> filing a notice of consent to sue under the
> FLSA.) Montgomery's unopposed motion
> remains sub judice. For the sake of
> simplicity, references to "named plaintiffs"
> in this opinion refer to both Montgomery
> and Grant.

#### B. Facts Relating to Venue

Defendant Tap Enterprises is a corporation
organized under the laws of the State of Nebraska. Its
principal place of business is located in Spring Hill,
Kansas. See 12/6/2006 Aff. of John Hamamy,
General Manager of Tap Enterprises, Inc. ("Hamamy
Aff.") at ¶ 4. Defendant is also registered and in
good standing as a foreign corporation authorized to
do business in Missouri. Hamamy Aff. at ¶ 12.
Defendant states that its corporate and managing
officers, and corporate records, are located in Spring
Hill, Kansas. See Def.'s Second Mem. in Supp. of
Mot. to Transfer Venue ("Def.Mot."), Dec. 6, 2006,
at 4. Defendant is not a resident of New York. See
Def's Reply Mem. in Supp. of Mot. to Transfer
Venue ("Def. Reply Mem.") at 1. Of any state, the
highest percentage of Defendant's total sales--9.2%--
routinely occurs in Missouri. Def. Mot. at 2; Pl.'s
Opp'n Mot. at 11.

Defendant states that of its 1,256 employees, 394 are
residents of Missouri, comprising the largest
percentage of any state (over 31%). Hamamy Aff. at
¶ 25. Further, according to Defendant, 184
employees are residents of Kansas, comprising the
second-largest percentage of any state (15%). [FN3]
Id. It is undisputed that only ten (10) potential class
members live in New York state. Pl.'s Opp'n at 8.
None of Defendant's current or former employees

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 576128 (S.D.N.Y.)
**(Cite as: 2007 WL 576128 (S.D.N.Y.))**

reside in the Southern District of New York. *Id.*

> FN3. Conversely, as plaintiffs note, more than 68% of Defendant's employees live outside of Missouri, and more than 85% live outside of Kansas. Pl. Opp'n Mot. at 7-8.

Neither of the named Plaintiffs resides in New York state. Plaintiff Shirley Montgomery resides in Springfield, Missouri. [FN4] Def. Mot. at 5. According to Defendant, during the more than two years that Montgomery was employed by Defendant, she worked three hundred twenty-two (322) days-- but only fourteen days (14) in New York, and two (2) days in the Southern District of New York. *Id.* Plaintiff Lisa Grant's last known address, according to Defendant, is in Paris, Texas. *Id.* at 5. According to Defendant, from August 1, 2003 through December 13, 2003, Grant worked eighty-two (82) days--but only twelve days (12) in New York, and ten (10) days in the Southern District. *Id.* at 6.

> FN4. Springfield, Missouri happens to be the location of the Southern Division of the Western District of Missouri. Def. Mot. at 1.

*2 None of the parties' identified witnesses reside in New York. Def. Mot. at 12-15. Plaintiffs do not dispute this.

*C. Defendant's Motion to Transfer Venue*

On December 6, 2006, Defendant Tap filed this Motion to Transfer Venue to the Western District of Missouri (Southern Division), or alternatively, to the District of Kansas. Defendant argues that Plaintiffs' lawsuit has a minimal connection to the Southern District of New York, and that the relevant facts, records, and witnesses are located near Kansas City. Def. Reply Mem. at 1-2. Defendant further argues that transferring venue to either Missouri or Kansas would be more convenient for those potential plaintiffs who might opt in to the class action.

Plaintiffs, conversely, argue that venue in the Southern District of New York is proper based on the alleged violations of FLSA overtime provisions that have occurred in this District. Pl.'s Opp'n at 10. Plaintiffs also claim that if the case were litigated in Missouri or Kansas, court appearances and depositions could require constant travel by plaintiffs' chosen counsel, which would increase plaintiffs' litigation expenses and thus, potentially decrease their potential recovery. *Id.* at 10-11.

## II. STANDARD OF REVIEW

28 U.S.C. § 1404(a) provides that: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). [FN5] It does not mention counsel.

> FN5. Section 1404(a) strives to prevent "waste of time, energy, and money" and "to protect litigants, witnesses and the public against any unnecessary inconvenience and expense." *Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 27 (1960). Congress enacted this provision as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 (1981).

A motion to transfer pursuant to 1404(a) rests within the "sound discretion" of the district court. *Schwartz v. R.H. Macy's, Inc.,* 791 F.Supp. 94 (S.D.N.Y.1992). The burden is on the movant to establish that there should be a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978); *see also Editorial Musical Latino Americana, S.A. v. Mar Int'l Records,* 829 F.Supp. 62, 66 (S.D.N.Y.1993) (movant must make "clear and convincing showing"). Although the plaintiff's choice of forum is entitled to substantial weight, this presumption is reduced if the cause of action bears "little material connection" to the chosen forum. *See, e.g., St. Regis Mohawk Tribe v. State of New York,* 774 F.Supp. 185, 189 (S.D.N.Y.1991); *see also Arrow Electronics Inc. v. Ducommun, Inc.,* 724 F.Supp. 264, 265 (S.D.N.Y.1991) (where the facts of the action bear little connection to the chosen forum, "plaintiff's choice is given reduced significance").

## III. DISCUSSION

When evaluating a motion to transfer, a court should consider the following factors: (1) the convenience of witnesses; (2) the availability of process to compel the attendance of unwilling witnesses; (3) the convenience of the parties; (4) the locus of operative facts; (5) the location of relevant documents and relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. *See, e.g., Anadigics, Inc. v. Raytheon,* 903 F.Supp. at 617 (S.D.N.Y.1995). "The convenience of the witnesses and the parties are

Slip Copy
Slip Copy, 2007 WL 576128 (S.D.N.Y.)
**(Cite as: 2007 WL 576128 (S.D.N.Y.))**

generally considered as the most important factors in a transfer application." *D'anton Jos, S.L. v. Doll Factory, 937 F.Supp. 320, 322 (S.D.N.Y.1996); see also Hubbell Inc. v. Pass & Seymour, 883 F.Supp. 955, 962 (S.D.N.Y.1995)* ("The core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses."). [FN6]

> FN6. To succeed on a motion to transfer, Defendant must as a threshold matter establish that the action could have been brought in the proposed transferee district. *See Van Dusen v. Barrack, 376 U.S. 612 (1964).* Secondly, Defendant must "demonstrate that the balance of convenience of the parties and witnesses and the interests of justice are in [his] favor." *See, e.g., Consol. Metal Prods., Inc. v. Am. Petroleum Inst., 569 F.Supp. 773, 774 (D.D.C.1983).* Because it is undisputed that this action could have been brought in either the District of Kansas, or the District of Missouri, the first inquiry does not require examination.

**\*3** Here, I find that the totality of the factors favors transfer to the Southern Division of the Western District of Missouri. I will address each factor in turn. [FN7]

> FN7. Plaintiffs argue, as a threshold matter, that Defendant has waived any challenge to venue by admitting in their Answer that venue is proper in this District. See Defendant's Answer at ¶ 5 ("Defendant does not contest that venue is proper in this district."). However, unlike a motion to transfer venue for improper venue, "[t]he waiver provisions of [Fed.R.Civ.P.] 12(b) and (h)(1) do not apply to a motion to ... transfer on the ground of *forum non conveniens,* which 'may be addressed to the discretion of the court at any time.' " *Kahn v. National R. Passenger Corp.,* 1986 U.S. Dist. LEXIS 29974, at \*4-5 (S.D.N.Y.1986), *citing Snam Progetti S.p.A. v. Lauro Lines, 387 F.Supp. 322, 323 (S.D.N.Y.1974); Leif Hoegh & Co. v. Alpha Motor Ways, Inc., 534 F.Supp. 624, 626 (S.D.N.Y.1982).* Indeed, a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) on the ground of *forum non conveniens,* such as Defendant brings here, presupposes that venue is proper in the transferor court. *See Jenkins*

*Brick Co. v. Bremer, 321 F.3d 1366, 1368 n. 1 (11th Cir.2003).* Plaintiffs' cases that address waiver of challenges to improper venue are thus inapposite. *See, e.g., Tri-State Empl. Servs., Inc. v. Mountbatten Sur. Co., 295 F.3d 256, 261 n. 2 (2d Cir.2002); Miller v. Batesville Casket Co., 219 F.R.D. 56 (E.D.N.Y.2003).*

*A. Convenience of Witnesses and Availability of Process*

"The convenience of party and nonparty witnesses is usually the most important consideration in deciding a motion to transfer venue." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F.Supp.2d 525, 529 (S.D.N.Y.2004).* Plaintiffs have identified potential witnesses who live in Kansas, Missouri, Oklahoma, Nebraska, and Texas. Def's Reply Mem at 7. Plaintiffs have not at this point in time identified one witness, or potential witness, that resides in New York state, or any of its adjoining states. *Id.* To the extent Plaintiffs may try to obtain oral testimony from class members, Defendants point out that less than 3% of those class members live in New York or its adjoining states. Def. Reply Mem. at 7.

Plaintiffs generally do not argue that New York is more convenient to the witnesses. Rather, Plaintiffs argue that the two venues are mutually inconvenient. *See Consol. Metal Prods., Inc. v. Am. Petroleum Inst., 569 F.Supp. 773, 774 (D.D.C.1983)* (1404(a) allows transfer to a "more convenient forum, not to a forum likely to prove equally convenient."). Yet given that the majority of witnesses, at this point in time, will likely be from the Midwest-- including Kansas or Missouri--it is hard to say that Kansas or Missouri is not more convenient for potential witnesses.

To the extent that compulsory process may be an issue, it appears that while compulsory process might be available to compel some significant portion of the current potential witnesses to appear in Kansas or Missouri, it will not be available to compel the vast majority of the current potential witnesses to appear in New York. *Cf. Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F.Supp. 247, 250 (S.D.N.Y.1974)* ("courts generally transfer cases when important witnesses can not be compelled to testify in the forum, but could be subpoenaed in the transferee court.").

*B. Convenience of Parties*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

For Defendant Tap, a Nebraska corporation with its principal place of business in Kansas, Kansas is clearly a more convenient forum. Plaintiffs argue, without citing case law, that transferring the case "would greatly increase litigation costs" for the "low wage employees" who comprise the potential class. Pl.'s Opp'n Mot. at 15. It is true that Plaintiff's counsel is located in New York. Yet courts have generally accorded "little weight" to the convenience of plaintiffs' attorneys. *See Bordiga v. Directors Guild,* 159 F.R.D. 457, 463 (S.D.N.Y.1995); *Kolko v. Holiday Inns,* 672 F.Supp. 713, 715 (S.D.N.Y.1987).

As for plaintiffs themselves, only ten potential class members live in New York state, and none in the Southern District. It is worth noting as well that named Plaintiff Shirley Montgomery resides in Springfield, Missouri, the location of the Southern Division of the Western District of Missouri.

### C. *Locus of Operative Facts*

*4 The locus of operative facts is another "primary factor" in determining whether to transfer venue. *Mattel, Inc. v. Procount Bus. Servs.,* 2004 U.S. Dist. LEXIS 3895 (S.D.N.Y.2004). Here, due to the itinerant schedule of Defendants' workers against whom the alleged violations were committed, the operative facts are spread throughout the United States.

Defendant argues that since the highest percentage of its sales are in Missouri, the cause of action is more substantially connected with Missouri. Def's Second Mem at 16. However, the difference in percentage is relatively small. For example, in fiscal year 2006, while 8.9% of Tap's sales occurred in Missouri, 3.6% occurred in New York. *Id.*

### D. *Location of Documents*

As noted, most, if not all, of the relevant documentation in this case is located in Defendant's headquarters in Kansas. No relevant documents are located in New York. Plaintiffs argue that the physical location of the documents is irrelevant given the availability today of electronic means of transmission. *See In re Glenayre Techs., Inc. Sec. Litig.,* 982 F.Supp. 294, 300 (S.D.N.Y.1997).

The balance of interests here, albeit slight, favors transfer to Kansas.

### E. *Relative Means of Parties*

Plaintiffs allege that Defendant is a large corporation, and thus has ample means to travel to New York. Pl.'s Opp'n. at 14. Plaintiffs further argue that the class is comprised of low wage employees, and that transferring the case would greatly increase their litigation costs. Pl.'s Opp'n. at 15. However, as noted above, the convenience of plaintiffs' counsel is afforded little weight when considering a motion to transfer venue. Additionally, to the extent named Plaintiff Montgomery seeks to participate in the litigation, Missouri is a more convenient forum for her.

### F. *Governing Law*

Generally, there exists an interest in having the trial in a forum that is familiar with the governing law. *See Frederick Joseph Jennis v. Duane Rood, et al.,* 2007 U.S. Dist. LEXIS 3321 (N .D.N.Y.2007). Here, Plaintiff solely alleges violations of a federal statute. Either forum is equally familiar with federal law.

Here, the balance of interests is neutral.

### G. *Plaintiffs' Choice of Forum*

Plaintiffs' strongest argument against transfer is that Plaintiffs themselves chose to bring suit in New York. However, although the plaintiff's choice of forum is generally entitled to "substantial weight," this presumption applies with less force where the plaintiff chooses a foreign forum and the cause of action bears little relation to the chosen forum. *See, e.g., Bassili v. Chu,* 242 F.Supp.2d 223, 232 (W.D.N.Y.2002). Such is the case here. [FN8]

> FN8. "The deference owed to plaintiffs' choice of forum is further diminished where transfer is sought to the forum where plaintiffs reside." *Onyeneho v. Allstate Ins Co.,* 2006 U.S. Dist. LEXIS 85569, at *11 (D.D.C.2006) (citations omitted).

Additionally, Defendants argue that a plaintiff's choice of forum receives less deference in a purported class action, where "numerous potential plaintiffs ... [are] each possibly able to make a showing that a particular forum is best suited ..." *Eichenholtz v. Brennan,* 677 F.Supp. 198, 202 (S.D.N.Y.1988), *citing Koster v. Lumbermens Mutual Co.,* 330 U.S. 518, 524 (1947). Plaintiffs counter that because this lawsuit is a FLSA collective action, in which plaintiffs "opt-in"--rather than a typical Rule 23 class action, in which plaintiffs "opt-out"--that essentially, any plaintiffs who "opt-in" to the

litigation will have affirmatively done so, and thus their choice of forum is entitled to greater deference. "Several courts have noted that the 'opt-in' structure of collective actions under section 216(b) of the FLSA strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of a FLSA action." *Onyeneho v. Allstate Ins Co.,* 2006 U.S. Dist. LEXIS 85569, at *10 n. 2 (D.D.C.2006) (internal citations omitted), *citing, e.g., Johnson v. Big Lots Stores, Inc.,* 2005 U.S. Dist. LEXIS 2221, at *10-11 (E.D.La.2005) (declining to transfer FLSA case to another district for consolidation because plaintiffs had chosen to "opt-in" to litigation in original district).

**\*5** Plaintiffs' argument would be stronger in a situation where plaintiffs had already "opted-in" to the lawsuit, as opposed to here, where the litigation is nascent. In any case, whether plaintiffs "opt-in" or "opt-out" seems secondary to the ultimate convenience (or inconvenience) of the forum to the parties and witnesses involved. *See, e.g., Onyeneho v. Allstate Ins Co.,* 2006 U.S. Dist. LEXIS 85569, at *10 n. 2 (the fact that a "case has been designated a collective action under the FLSA is of little importance in the face of numerous factors weighing strongly in favor of transfer ...").

While Plaintiffs choice of New York counsels against transfer, because Plaintiffs have chosen a foreign forum, and the lawsuit bears little relation to New York, Plaintiffs' choice does not counsel against transfer as strongly as Plaintiffs would like.

### H. *Interests of Justice*

Courts can consider trial efficiency and general "interests of justice" in considering a motion to transfer. *See Balaban v. Pettigrew Auction Co.,* 1997 U.S. Dist. LEXIS 22127, at *10-11 (S.D .N.Y.1997). However, the parties have put forth no evidence of circumstances, such as crowded docket conditions, that might militate a speedier prosecution of the action in one District as opposed to another. *See De Jesus v. National R. Passenger Corp., 725 F.Supp. 207, 209 (S.D.N.Y.1989).* The balance of interests here is neutral.

## IV. CONCLUSION

Here, Plaintiffs have chosen a forum with little connection to the facts of the case. The totality of the factors, particularly the convenience of the parties and witnesses, favors transfer to either Kansas or Missouri. Because Defendant primarily requested transfer to Missouri, and because named Plaintiff

Shirley Montgomery resides in Missouri, Defendant's Motion to Transfer Venue to the Southern Division of the Western District of Missouri is GRANTED.

The Clerk of the Court is instructed to transfer this case to the Southern Division of the Western District of Missouri and remove it from my docket.

**SO ORDERED.**

Slip Copy, 2007 WL 576128 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C



Not Reported in F.Supp.
Not Reported in F.Supp., 1986 WL 1456 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

C
Waqar Ali **KAHN**, Plaintiff, v. NATIONAL
RAILROAD **PASSENGER** CORPORATION, a/k/a
Amtrak, Defendant.
S.D.N.Y.,1986.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Waqar Ali **KAHN**, Plaintiff,
v.
NATIONAL RAILROAD **PASSENGER**
CORPORATION, a/k/a Amtrak, Defendant.
**No. 85 Civ. 3586-CSH.**

Jan. 28, 1986.

MEMORANDUM OPINION AND ORDER
HAIGHT, District Judge:
**\*1** Defendant's motion for an order pursuant to 28
U.S.C. § 1404(a) transferring this action to the
United States District Court for the Northern District
of New York is granted.

Plaintiff, a citizen of Pakistan and resident of the
Federal Republic of Germany, brought this action
against defendant for personal injuries which he
allegedly sustained on December 13, 1984, when the
Amtrak train in which he was a **passenger** collided
with a stalled construction vehicle at a railroad
crossing in Castleton, New York.   The accident
occurred in the County of Rensselaer, which is within
the jurisdiction of the United States District Court for
the Northern District of New York ("Northern
District").

Defendant asserts through the affidavit of its
employee, Peter E.B. Herron, that the construction
vehicle was owned by Nusbaum Excavating and/or
Nusbaum Contracting Co. (the "Nusbaum Co.").
According to the New York State Police accident
report concerning this incident, the operator of the
vehicle, Kurt Nusbaum, was attempting to cross the
tracks.   When Nusbaum stopped the vehicle to shift
from high gear to low, he was struck by the Amtrak
train in which plaintiff was a passenger.   Defendant
states that Kurt Nusbaum and the Nusbaum Company
have their residence and place of business in
Rensselaer County.   Defendant further asserts, upon
information and belief, that the railroad crossing
where the accident occurred is owned and maintained
by the Hamilton Industrial Corporation ("Hamilton"),
which has its principal place of business in
Rensselaer County.

At the time of the accident, the Amtrak train was
being operated under contract by the Consolidated
Rail Corporation ("Conrail").   On January 3, 1985,
the Conrail fireman on the train filed suit under the
Federal Employers' Liability Act ("FELA"), 45
U.S.C. § 51, et seq., against Conrail in the Northern
District.   *Wallace N. Roberts v. Consolidated Rail
Corporation,* 85 CV 008 (Miner, J.).   Conrail, in
turn, impleaded as third-party defendants Hamilton,
the Nusbaum Co., Kurt Nusbaum and his wife Susan
Nusbaum.

Plaintiff filed suit in this Court on May 10, 1985.

On July 2, 1985, a second FELA case was filed in the
Northern District against Conrail by the engineer of
the train, one Alfred Terrille, who allegedly resides in
Schenectady, New York.   *Alfred L. Terrille v.
Consolidated Rail Corp.,* 85 CV 933 (Munson, J.).

On July 24, 1985, another **passenger** on the train,
one Nadezhda Gefter, filed a personal injury suit in
the New York Supreme Court for the County of
Rensselaer against Amtrak, the Nusbaum Co. and
Kurt Nusbaum.   Defendant represents to this Court
that it intends to remove the Rensselaer County
action to the Northern District.   *Nadezhda Gefter v.
The National Railroad Passenger Corporation a/k/a
Amtrak,* (Sup.Ct.Rensselaer Co.).

Defendant also represents that it intends to implead
as third-party defendants in the instant action the
same third-party defendants impleaded by Conrail in
the first-filed Northern District action.

**\*2** All four of the above-described actions involve
the same central issue:   which party or parties were
responsible for the train accident that occurred on
December 13, 1984 in Rensselaer County.   All four
actions involve or will involve the same defendant
parties.   There will be a substantial overlap of key
witnesses on liability issues.

Defendant moves for transfer of this action to the
Northern District in the interests of justice and for the
convenience of the parties and witnesses for three
reasons:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                  Page 2
Not Reported in F.Supp., 1986 WL 1456 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

(1) This action might be subject to consolidation in the Northern District with the three related actions described above.

(2) The accident arose in the Northern District and most of the parties and witnesses reside or do business there.

(3) There is no material connection between this litigation and the Southern District of New York.

Plaintiff's threshold objection to defendant's motion is that defendant has waived the defense of improper waiver by failing to assert it in a pre-answer motion or in the answer. The objection is meritless. Defendant has not moved for transfer on the ground of improper venue, pursuant to 28 U.S.C. § 1406; rather, defendant merely requests transfer to a more convenient forum under section 1404(a). The waiver provisions of Rule 12(b) and (h)(1), F.R.Civ.P., do not apply to a motion to dismiss or transfer on the ground of *forum non conveniens*, which "may be addressed to the discretion of the court at any time." *Snam Progetti S.p.A. v. Lauro Lines,* 387 F.Supp. 322, 323 (S.D.N.Y.1974). *Accord, Leif Hoegh & Co. v. Alpha Motor Ways, Inc.,* 534 F.Supp. 624, 626 (S.D.N.Y.1982). In *Snam Progetti,* then-District Judge Pierce, after reviewing the relevant authorities on the waiver issue, examined the policy reasons for applying different timing requirements to objections to improper venue as opposed to inconvenient venue:

"Even apart from this authority, there are sound logical reasons for not requiring a *forum non conveniens* motion to be made within the limited time period allowed for a defendant to file an answer or to move to amend his answer as a matter of right under Rule 15(a), Fed.R.Civ.P. (20 days after service). This time is certainly adequate to check the venue statutes and determine whether they have been met. However, the factors of equity and convenience, such as the location of important witnesses and evidence, which control a *forum non conveniens* motion may not be apparent without time-consuming investigation and, frequently, discovery."

I am persuaded by the authorities that there is no procedural obstacle to consideration of defendant's motion, and I proceed to examine its merits.

In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947), the Court identified the relevant factors to be weighed in applying the doctrine of *forum non conveniens.* The "public interest" factors deemed worthy of consideration included court calendar congestion, the

burden of jury duty on members of a community which has no relation to the litigation, and the need for the forum court to apply foreign law; the "private interest" factors included "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U.S. at 508-09.

*3 Rule 1404(a) itself identifies three other factors to be considered: the convenience of parties, the convenience of witnesses, and the interest of justice.

All these factors militate in favor of transferring this action to the Northern District. The incident occurred there. The defendant does business there. The key witnesses concerning liability issues will undoubtedly be Kurt Nusbaum, the operator of the construction vehicle, and Alfred Terrille, the driver of the train, both of whom reside in the Northern District. In addition, important testimony is likely to come from employees of Hamilton, the company that owns and maintains the railroad crossing in Rensselaer County where the accident occurred. Testimony regarding plaintiff's injuries will be required from the health professionals at the Albany Medical Center, located in the Northern District, who treated him immediately after the accident.

Although plaintiff's choice of forum is ordinarily entitled to "considerable weight, the deference due [his] choice is seriously undermined by the factor that none of the conduct complained of in this action occurred in this district." *St. Cyr v. Greyhound Lines, Inc.,* 486 F.Supp. 724, 727 (E.D.N.Y.1980). It is also entitled to less weight where, as here, the plaintiff is not a bona fide resident of this district. *See, Y4 Design, Ltd. v. Regensteiner Publishing Enterprises, Inc.,* 428 F.Supp. 1067, 1070 (S.D.N.Y.1977). As noted *infra,* plaintiff is a Pakistani citizen who resides in the Federal Republic of Germany. Plaintiff's counsel asserts by affidavit that "[w]hen the Plaintiff is present in the United States of America, he resides ... in the Eastern District of New York" in Brooklyn. However, there is no evidence in this record as to how frequently and for how long a period of time plaintiff has been present in this country since the accident. Despite counsel's carefully-chosen language, it appears that the most that can be said about the plaintiff is that when he visits this country, he "stays" in Brooklyn. In short, plaintiff is a foreign resident with no ties to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1986 WL 1456 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

the Southern District who, once he returns to this country for the trial of this action, will suffer only minor inconvenience in attending trial in the Northern District rather than the Southern District.

Nor does plaintiff's observation that defendant maintains an office in this district weigh heavily in the balance, in view of the fact that defendant also does business in the Northern District, and there is no reason to believe that its business records relating to this accident are in its Southern District office.

Plaintiff's only argument of substance is that he may be unable to secure the presence at trial in the Northern District of one eyewitness to the accident and three medical witnesses, all of whom reside or do business in the Eastern District of New York.

The eyewitness, one Ghulam Zakria Khan, has the same surname as plaintiff, and his or her home address is the one listed as plaintiff's address when he is in the country.   I infer that this eyewitness is probably a relative of plaintiff and, most likely, a "willing" witness.   The medical witnesses are three doctors who treated plaintiff for his injuries after the accident.   They are undoubtedly crucial witnesses. As treating physicians, it is unclear to what extent they may be characterized as "willing" witnesses.   It is certainly true that it would be more convenient for them to testify at a trial in the Southern rather than the Northern District.    But their attendance could surely be compelled in Northern District proceedings, even if the situs of the trial is more than 100 miles from their residence, under the statewide subpoena provisions of New York's state court of general jurisdiction, N.Y. Const. Art. 6, § 1, CPLR § 2303, as incorporated in Rule 45(e)(1), F.R.Civ.P.

*4 Perhaps the most important factor favoring transfer is that judicial economy would be served by having all four of these related actions assigned to the same court, in order to facilitate consolidated discovery and trial proceedings if warranted.   Since two of the four actions are already pending in the Northern District, with the third soon to be removed there, strong policy considerations support a transfer of this fourth action to that Court.

In sum, after weighing all relevant factors, I conclude that defendant has made a "clear cut showing" that the balance of convenience and the interests of justice mandate transfer.

Defendant's motion is granted.    The Clerk of the Court is directed to transfer the above-captioned

action to the United States District Court for the Northern District of New York.

It is SO ORDERED.

S.D.N.Y.,1986.
Kahn v. National R.R. Passenger Corp.
Not Reported in F.Supp., 1986 WL 1456 (S.D.N.Y.)

END OF DOCUMENT

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAMERON INTERNATIONAL          :
CORPORATION,                   :
                               :
          Plaintiff,           :
                               :
     v.                        :   Civil Action No. 06-728-JJF
                               :
DRIL-QUIP, INC.                :
                               :
          Defendant.           :


## MEMORANDUM ORDER

Pending before me is Defendant's Motion To Transfer (D.I.
11). After considering Defendant's arguments and Plaintiff's
responses, I conclude the Motion should be granted.

I have considered the factors the Third Circuit has held may
be relevant to the exercise of my discretion and find that the
convenience of the parties and witnesses and the interests of
justice will be furthered by a transfer to the Southern District
of Texas.

Specifically, I find that both parties' principal places of
business are located in the Southern District of Texas, and a
substantial number of witnesses and documents are also in the
Southern District of Texas. Also, I find that the remainder of
the private and public factors that have been argued do not weigh
strongly enough, individually or collectively, so as to tip the
balance in favor of either party.

THEREFORE, for the reasons cited above, Defendant's Motion

To Transfer (D.I. 11) is **GRANTED**.


__May 3 , 2007__
Date

UNITED STATES DISTRICT JUDGE

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENEXA TECHNOLOGY, INC.,            )
a Pennsylvania Corporation,          )        C.A. No. 07-27 (GMS)
                                     )
                Plaintiff,           )        JURY TRIAL DEMANDED
                                     )
        v.                           )
                                     )
BLUELINX CORPORATION,                )
a Georgia corporation,               )
                                     )
                Defendant.           )

### INITIAL DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)(1)
### OF PLAINTIFF KENEXA TECHNOLOGY, INC.

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Kenexa Technology, Inc. hereby provides

the following initial disclosures. These disclosures are made without prejudice to Kenexa to

amend or supplement as need be.

A.    The name of each individual likely to have discoverable information relevant to

Plaintiff's claims, damages or defenses:

| Name | Phone Number |
|------|--------------|
| John Holvay<br>Kenexa Technology, Inc.<br>650 East Swedesford Road<br>2nd Floor<br>Wayne, PA 19087 | 610-971-9171 |
| George Vollmer<br>Kenexa Technology, Inc.<br>650 East Swedesford Road<br>2nd Floor<br>Wayne, PA 19087 | 610-971-9171 |

59544 v1

1

Beth Wilson                                     610-971-9171
Kenexa Technology, Inc.
650 East Swedesford Road
2nd Floor
Wayne, PA  19087

Howard Cherry                                   610-971-9171
Kenexa Technology, Inc.
650 East Swedesford Road
2nd Floor
Wayne, PA  19087

Sharomine Martin                                610-971-9171
Kenexa Technology, Inc.
650 East Swedesford Road
2nd Floor
Wayne, PA  19087

Elliot Clark                                    302-888-0600
c/o Kevin A. Guerke, Esq.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899

Dean Adelman
BlueLinx Corporation
4300 Wildwood Pkwy
Atlanta, GA  30339

Susan Podsiad
4032 Maxanne Drive
Kennesaw, GA  30144

Leslie Lovelace
431 Vine Creek Drive
Acworth, GA  30101

Note: Please direct any and all communications to Plaintiff's employees through the

undersigned counsel.

B.    Documents relevant to Plaintiff's claims or defenses:

Relevant documents are attached as exhibits to the parties' pleadings.  Additional

categories of documents include:  written and electronic correspondence, pleadings, surveys,

invoices, purchase orders, and contracts.    Copies of the above categories of documents are

located at Plaintiff's place of business in Wayne, Pennsylvania.

      C.      Computation of damages.

           See Amended Complaint, and the relief requested therein.

      D.      Insurance.

           None.

**SEITZ, VAN OGTROP & GREEN, P.A.**

**/s/ R. Karl Hill**
R. KARL HILL, ESQ. (DE2747)
KEVIN A. GUERKE, ESQ. (DE4096)
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600

Dated:  June 6, 2007                        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KENEXA TECHNOLOGY, INC.,  )
A Pennsylvania corporation,  )
                             )
          Plaintiff,  )
                             )
          v.  )      C.A. No. 07-27-GMS
                             )
BLUELINX CORPORATION,  )      **JURY TRIAL DEMANDED**
A Georgia corporation,  )
                             )
         Defendant.  )

## BLUELINX CORPORATION'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's Order of May 4, 2007, defendant/counterclaim plaintiff BlueLinx Corporation ("BlueLinx") hereby provides the following initial disclosures to plaintiff/counterclaim defendant Kenexa Technology, Inc. ("Kenexa"). BlueLinx' initial disclosures are based upon information BlueLinx has at this time. To the extent BlueLinx acquires any additional information, BlueLinx reserves the right to supplement the information contained in its initial disclosures.

Rule 26(a)(1)(A):

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Disclosure:

In accordance with Fed. R. Civ. P. 26(a)(1)(A), BlueLinx states that the following

individuals are believed to have discoverable information that BlueLinx may use to

support its claims and defenses in this action:

| Name | Subjects of Information |
|---|---|
| Ava Artis<br>Florida | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Jackie Hawkins<br>Atlanta, Georgia metro area | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Leslie Lovelace<br>4300 Wildwood Parkway, Atlanta Georgia<br>(770) 953-7000 | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Susan Podsiad<br>4300 Wildwood Parkway, Atlanta Georgia<br>(770) 953-7000 | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Alana Johnson<br>Denver, Colorado metro area | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Flo Gunn<br>650 E Swedesford Rd<br>Wayne, PA 19087<br>(610) 971-9171 | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Kevin Hunter<br>650 E Swedesford Rd<br>Wayne, PA 19087<br>(610) 971-9171 | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Courtney Gross<br>650 E Swedesford Rd<br>Wayne, PA 19087<br>(610) 971-9171 | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Padmashree Raigir<br>India | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| Aysdkant Jee<br>India | Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
| John Holvay<br>650 E Swedesford Rd<br>Wayne, PA 19087<br>(610) 971-9171 | Negotiation of MSA<br>Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |

| Elliot Clark<br>650 E Swedesford Rd<br>Wayne, PA 19087<br>(610) 971-9171 | Negotiation of MSA<br>Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |
|---|---|
| Dean Adelman<br>4300 Wildwood Parkway, Atlanta Georgia<br>(770) 953-7000 | Negotiation of MSA<br>Performance pursuant to MSA<br>Termination of MSA<br>BlueLinx' damages |

All communications with employees of BlueLinx should be made only through counsel for BlueLinx.

Rule 26(a)(1)(B):

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Disclosure:

With respect to Fed. R. Civ. P. 26 (a)(1)(B), BlueLinx will produce and/or make available for inspection and copying, documents, data compilations and tangible things in its possession, custody or control that may be used to support BlueLinx' claims and defenses. BlueLinx anticipates that non-privileged documents, data compilations and/or tangible things as exist within the following categories, currently located at BlueLinx' offices in Atlanta, Georgia and/or Denver, Colorado, will be produced or made available for inspection:

1. documents relating to the negotiation of the May 30, 2006 Master Service Agreement (the "MSA");

2. documents relating to Kenexa's performance pursuant to the MSA;

3. documents relating to BlueLinx' termination of the MSA; and

3

4.    documents relating to the BlueLinx' counterclaim and damages.

Rule 26(a)(1)(C):

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Disclosure:

BlueLinx has not yet determined its damages calculation in this action. BlueLinx has counterclaimed for damages to be determined at trial, together with pre-judgment and post-judgment interest, attorneys' fees, costs and such other relief as the Court may deem just and proper.

Rule 26(a)(1)(D):

For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

Disclosure:

BlueLinx is not aware of any insurance agreements or policies, at this time, that would cover the claims alleged in this action.

Rule 26(a)(2):

Identities of experts and their opinions.

Disclosure:

4

BlueLinx anticipates using experts in the future and shall disclose the identities of such experts and their opinions in accordance with applicable rules and any Orders setting forth applicable dates.

\*    \*    \*

By making the above disclosures, BlueLinx does not represent that it has identified every document, tangible thing or witness possibly relevant to this lawsuit. Nor does BlueLinx waive its right to object to production of any document or tangible thing described in these disclosures on the basis of privilege, the work product doctrine, relevance, undue burden or any other valid objection.

POTTER ANDERSON & CORROON LLP

By:   */s/ David E. Moore*
      Donald J. Wolfe, Jr. (#285)
      Philip A. Rovner (#3215)
      David E. Moore (#3983)
      Hercules Plaza
      P. O. Box 951
      Wilmington, Delaware 19899
      (302) 984-6000
      dwolfe@potteranderson.com
      provner@potteranderson.com
      dmoore@potteranderson.com

Dated: June 6, 2007
798612 / 31137

*Attorneys for BlueLinx Corporation*

5

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 6, 2007, a true and correct copy of the

within document was caused to be served on the attorney of record at the following addresses as

indicated:

### VIA HAND DELIVERY & ELECTRONIC MAIL

Robert Karl Hill, Esq.
Kevin A. Guerke, Esq.
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
khill@svglaw.com
kguerke@svglaw.com


/s/ David E. Moore
David E. Moore

799799 / 31137

# EXHIBIT F

4months

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:07-cv-01022-GET

Lovelace v. Kenexa Technology, Inc.
Assigned to: Judge G. Ernest Tidwell
Case in other court: Superior Court of Fulton County, 2007-CV-131749
Cause: 28:1441 Petition for Removal- Breach of Contract

Date Filed: 05/04/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Leslie Lovelace**

represented by **Thomas J. Gallo**
Chorey, Taylor & Feil
A Professional Corporation
The Lenox Building, Suite 1700
3399 Peachtree Road, NE
Atlanta, GA 30326-1148
404-841-3200
Fax: 404-841-3221
Email: tjgallo@ctflegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kenexa Technology, Inc.**

represented by **Christopher M. Golden**
Rogers & Hardin
229 Peachtree Street, N.E.
2700 International Tower, Peachtree Center
Atlanta, GA 30303-1601
404-522-4700
Email: cgolden@rh-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher J. Willis**
Rogers & Hardin
229 Peachtree Street, N.E.
2700 International Tower, Peachtree Center
Atlanta, GA 30303-1601
404-420-4628
Email: cwillis@rh-law.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Kenexa Technology, Inc.**          represented by   **Christopher M. Golden**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher J. Willis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Leslie Lovelace**          represented by   **Thomas J. Gallo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2007 | 1 | NOTICE OF REMOVAL with COMPLAINT, filed by Kenexa Technology, Inc.. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. (Filing fee $ 350.00 receipt number 564603) (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Civil Cover Sheet)(epm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 05/10/2007) |
| 05/04/2007 | 2 | Corporate Disclosures pursuant to Rule 7.1 by Kenexa Technology, Inc..(epm) (Entered: 05/10/2007) |
| 05/07/2007 | 3 | ANSWER to Complaint and COUNTERCLAIM against Leslie Lovelace by Kenexa Technology, Inc..Discovery ends on 10/4/2007.(epm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 05/10/2007) |
| 05/09/2007 | 4 | MOTION to Transfer Case to Eastern District of Pennsylvaniaby Kenexa Technology, Inc. (Attachments: # 1 Memorandum of Law in Support)(sjk) (Entered: 05/10/2007) |
| 05/24/2007 | 5 | CONSENT ORDER extending time to respond re: 4 MOTION to Transfer Case to Eastern District of Pennsylvania and 3 Counterclaim. Signed by Judge Richard W. Story on 5/24/2007. (sjk) (Entered: 05/25/2007) |
| 05/31/2007 | 6 | ORDER REASSIGNING CASE. Case reassigned to Judge G. Ernest Tidwell for all further proceedings. Signed by Judge Richard W. Story on 5/31/2007. (sjk) (Entered: 06/04/2007) |
| 06/04/2007 | 7 | Joint PRELIMINARY REPORT AND DISCOVERY PLAN filed by Kenexa |

| | | |
|---|---|---|
| | | Technology, Inc.. (Attachments: # 1 Exhibit A)(Willis, Christopher) (Entered: 06/04/2007) |
| 06/06/2007 | 8 | Joint Certificate of Interested Persons by Kenexa Technology, Inc.. (Willis, Christopher) (Entered: 06/06/2007) |
| 06/15/2007 | 9 | MOTION to Remand to State Court with Brief In Support by Leslie Lovelace. (Attachments: # 1 Brief in Support of Motion to Remand)(Gallo, Thomas) (Entered: 06/15/2007) |
| 06/15/2007 | 10 | RESPONSE in Opposition re 4 MOTION to Transfer Case to Eastern District of Pennsylvania filed by Leslie Lovelace. (Gallo, Thomas) (Entered: 06/15/2007) |
| 06/15/2007 | 11 | NOTICE Of Filing Affidavit of Leslie Lovelace by Leslie Lovelace re 10 Response in Opposition to Motion *to Transfer* (Gallo, Thomas) (Entered: 06/15/2007) |
| 06/15/2007 | 12 | AFFIDAVIT in Opposition re 4 MOTION to Transfer Case to Eastern District of Pennsylvania filed by Leslie Lovelace. (Attachments: # 1 Exhibit A Part 1# 2 Exhibit A Part 2# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E)(Gallo, Thomas) (Entered: 06/15/2007) |
| 06/15/2007 | 13 | ANSWER to Counterclaim by Leslie Lovelace.(Gallo, Thomas) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 06/15/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/20/2007 11:24:21 | | |
| PACER Login: | pa0018 | Client Code: | 31137 |
| Description: | Docket Report | Search Criteria: | 1:07-cv-01022-GET |
| Billable Pages: | 2 | Cost: | 0.16 |

4months

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:07-cv-01021-GET

Podsiad v. Kenexa Technology, Inc.

Assigned to: Judge G. Ernest Tidwell

Case in other court: Superior Court of Fulton County,
            2007CV131750

Cause: 28:1442 Petition for Removal- Breach of Contract

Date Filed: 05/04/2007

Jury Demand: None

Nature of Suit: 190 Contract: Other

Jurisdiction: Diversity

**Plaintiff**

**Susan Podsiad**

represented by **Thomas J. Gallo**
Chorey, Taylor & Feil
A Professional Corporation
The Lenox Building, Suite 1700
3399 Peachtree Road, NE
Atlanta, GA 30326-1148
404-841-3200
Fax: 404-841-3221
Email: tjgallo@ctflegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kenexa Technology, Inc.**

represented by **Christopher M. Golden**
Rogers & Hardin
229 Peachtree Street, N.E.
2700 International Tower, Peachtree
Center
Atlanta, GA 30303-1601
404-522-4700
Email: cgolden@rh-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher J. Willis**
Rogers & Hardin
229 Peachtree Street, N.E.
2700 International Tower, Peachtree
Center
Atlanta, GA 30303-1601
404-420-4628
Email: cwillis@rh-law.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Kenexa Technology, Inc.**                    represented by  **Christopher M. Golden**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Christopher J. Willis**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Susan Podsiad**                              represented by  **Thomas J. Gallo**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/04/2007 | 1 | NOTICE OF REMOVAL with COMPLAINT. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. (Filing fee $ 350 receipt number 564602), filed by Kenexa Technology, Inc.. (Attachments: # 1 Complaint & Summons# 2 Affidavit of Phil Stewart# 3 Civil Cover Sheet)(jlm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. Modified on 5/8/2007 to add receipt number (epm). (Entered: 05/07/2007) |
| 05/04/2007 | 2 | Corporate Disclosures pursuant to Rule 7.1 by defendant Kenexa Technology, Inc.(jlm) (Entered: 05/07/2007) |
| 05/07/2007 | 3 | ANSWER to Complaint and COUNTERCLAIM against Susan Podsiad by Kenexa Technology, Inc. Discovery ends on 10/4/2007.(jlm) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 05/07/2007) |
| 05/09/2007 | 4 | MOTION to Transfer Case to Eastern District of PA with Brief In Support by Kenexa Technology, Inc.. (Attachments: # 1 Brief Memorandum of Law in Support)(Willis, Christopher) (Entered: 05/09/2007) |
| 05/25/2007 | 5 | PROPOSED CONSENT ORDER extending time to and including 6/15/07 for plaintiff to respond to dft's notice of removal, motion to transfer venue & counterclaim. (jlm) (Entered: 05/30/2007) |
| 05/30/2007 | | ORAL ORDER GRANTING 5 Proposed Consent Order extending time to and including 6/15/07 for pla to respond to Kenexa's Notice of Removal, Motion to transfer and Counterclaim. Ordered by Judge G. Ernest Tidwell on 5/30/07. (jlm) |

| | | (Entered: 05/30/2007) |
|---|---|---|
| 06/04/2007 | 6 | Joint PRELIMINARY REPORT AND DISCOVERY PLAN filed by Kenexa Technology, Inc.. (Attachments: # 1 Exhibit A)(Willis, Christopher) (Entered: 06/04/2007) |
| 06/06/2007 | 7 | Joint Certificate of Interested Persons by Kenexa Technology, Inc.. (Willis, Christopher) (Entered: 06/06/2007) |
| 06/15/2007 | 8 | MOTION to Remand to State Court with Brief In Support by Susan Podsiad. (Attachments: # 1 Brief Memorandum of Law in Support of Plaintiff's Motion to Remand)(Gallo, Thomas) (Entered: 06/15/2007) |
| 06/15/2007 | 9 | RESPONSE in Opposition re 4 MOTION to Transfer Case to Eastern District of PA filed by Susan Podsiad. (Gallo, Thomas) (Entered: 06/15/2007) |
| 06/15/2007 | 10 | NOTICE Of Filing Affidavit of Susan Posiad by Susan Podsiad re 9 Response in Opposition to Motion *to Transfer* (Gallo, Thomas) (Entered: 06/15/2007) |
| 06/15/2007 | 11 | AFFIDAVIT in Opposition re 4 MOTION to Transfer Case to Eastern District of PA filed by Susan Podsiad. (Attachments: # 1 Exhibit A Part 1# 2 Exhibit A Part 2# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E)(Gallo, Thomas) (Entered: 06/15/2007) |
| 06/15/2007 | 12 | ANSWER to Counterclaim by Susan Podsiad.(Gallo, Thomas) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 06/15/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/20/2007 11:23:49 | | |
| **PACER Login:** | pa0018 | **Client Code:** | 31137 |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-01021-GET |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |